**JOHNSON, Appellant,**

v.

**JOHNSON, Appellee.**

[Cite as *Johnson v. Johnson* (1993), 88 Ohio App.3d 329.]

Court of Appeals of Ohio,
Knox County.

No. 92–CA–32.

Decided June 21, 1993.

*Thom L. Cooper Co., L.P.A.,* and *Thom L. Cooper,* for appellant.
*Martha C. Johnson, pro se.*

READER, Judge.

The parties to this action, appellee Martha C. Johnson and appellant Edward L. Johnson were granted a divorce by the Knox County Court of Common Pleas on March 28, 1988, after a marriage in excess of thirty years. As a part of the divorce entry, appellant was ordered to pay appellee $210 per month alimony beginning March 1, 1988, and said alimony was to continue during her life or until her death, remarriage, or cohabitation with another man. The court did not reserve jurisdiction to modify this spousal support award.

In January 1989, appellant suffered a heart attack and underwent heart surgery, and has been totally disabled since that time. His income has obviously been reduced and is approximately forty-eight percent of his 1988 income.

On November 9, 1992, the Knox County Court of Common Pleas filed an entry indicating that the court did not have jurisdiction to modify the spousal support order as requested by motion of the appellant. On December 7, 1992, the appellant filed his notice of appeal.

The appellant cites one assignment of error:

"The trial court erred to the prejudice of the plaintiff-appellant by refusing to hear the plaintiff-appellant's motion for modification of spousal support in that the trial court should have reserved jurisdiction in the original judgment decree of divorce to modify spousal support where there exists the possibility that

circumstances will change in such a fashion as to require modification of said spousal support at a later date."

The trial court in its judgment of November 9, 1992, relied upon R.C. 3105.18(E) and (E)(1):

"If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

"(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

In the instant case, the court did not reserve jurisdiction to modify and the appellant did not make any direct appeal of that order. The cases cited by the appellant, to wit, *Colwell v. Colwell* (Oct. 11, 1988), Butler App. No. CA88–03–043, unreported, 1988 WL 105548, and *Kane v. Kane* (May 6, 1988), Allen App. No. 1–87–7, unreported, 1988 WL 46187, are both direct appeals from the trial court's judgment. *Kane* simply states that a court does have jurisdiction whether to reserve or not to reserve jurisdiction and that this is within the discretion of the court. *Colwell*, again on direct appeal, found that the court did abuse its discretion, but that is not what this case is all about. *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, was decided before the statute in this particular case. It is obvious from the reading of the statute that the legislative intent was to ensure the "finality of judgment" in the area of domestic relations. Otherwise, persons would be filing *ad infinitum* requesting that a court modify spousal support awards. We find therefore that the trial court lacked jurisdiction to modify the order, and, therefore, overrule the appellant's assignment of error.

For the above reasons, the order of the Knox County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SMART, P.J., and FARMER, J., concur.