OPINION
Appellant Charlene Sears appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which granted a divorce and awarded her spousal support for five years. The relevant facts leading to this appeal are as follows.
Appellant ("Charlene") and Appellee Robert R. Sears ("Robert") were married in 1967. Three children were born as issue of the marriage, all of whom are emancipated. On June 16, 2000, Charlene filed a complaint for legal separation, in response to which Robert filed an answer and counterclaim for divorce. On March 6, 2001, the trial court conducted a bench trial. The parties' marital debts ($191,634.19) were found to be greater than their marital assets ($140,326), which included the marital home. Plaintiff's Exhibit 37. In the divorce decree issued November 6, 2001, the trial court ordered, inter alia, that the marital residence be sold and the net proceeds therefrom would be used to pay the balance due the Internal Revenue Service and the remainder to pay obligations to the U.S. Department of Education. Further, Robert was to assume responsibility for the balance of the marital debt set forth in the marital debt exhibit, as well as certain federal, state and local taxes which were not set forth in the marital debt exhibit. The court further awarded spousal support to Charlene in the amount of $500 per month for five years, and was silent as to retaining jurisdiction over the award of spousal support.
Charlene timely appealed and herein raises the following two Assignments of Error:
 "I. THE TRIAL COURT ERRED IN FAILING TO RETAIN JURISDICTION OVER THE SPOUSAL SUPPORT AWARD.
 II. THE TRIAL COURT ERRED IN FAILING TO AWARD LIFETIME SPOUSAL SUPPORT."
As an initial matter, we address Robert's responding claim that the issues of continuing jurisdiction of spousal support and permanency of spousal support were not preserved for appeal, citing Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 436 N.E.2d 1001.
R.C. 3105.18(B) reads as follows in pertinent part:
 "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property * * *, the court of common pleas may award reasonable spousal support to either party."
At the commencement of the trial, Attorney David Ake, Charlene's then-counsel, indicated the following to the court:
 "Um the issues in this case basically revolve around the amount and duration of spousal support and what to do with the I . . . I . . . think you will find that we both agree on the value of the home." Tr. at 3. The trial judge then acknowledged that "amount and duration" of spousal support would be an issue in the proceedings. Id. We therefore hold that the issues raised in both Assignments of Error were properly preserved, and thus we will proceed to the merits of the within appeal.
 I.
In her First Assignment of Error, Charlene argues the trial court erred in declining to retain jurisdiction over the issue of spousal support. We agree.
The parties herein were married approximately thirty-four years. At the time of the filing of the complaint and counterclaim, both parties were in their mid-fifties. Both testified they were in good health. Robert, a licensed optometrist, was the primary breadwinner throughout the duration of the marriage. His most recent earnings were $66,000 per year. Charlene, who has two years of college, spent most or all of the 1970's as a stay-at-home parent. As their children grew older, Charlene made forays into the workforce, starting with a minimum-wage dry-cleaning job in the 1980's. She then worked for a child day care provider. Since then, her jobs have all been in the child care field, which annual wages never topping $10,000. At the time of the trial, Charlene was employed by Trinity Lutheran Pre-School, with no employer-sponsored health plan and with the expectation of again earning under $10,000.
R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree in order to modify a spousal support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. Smith v. Smith (Dec. 31, 1998), Lucas App. No. L-98-1027, citing Johnson v. Johnson (1993), 88 Ohio App.3d 329,331, 623 N.E.2d 1294. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
Appellant Charlene directs us to Smith, supra, for the proposition that a court abuses its discretion in declining to reserve spousal support jurisdiction "where the likelihood is substantial that the economic condition of either or both parties may change significantly within that period." Id., citing Jackson v. Jackson (Nov. 8, 1996), Montgomery App. No. 15795. Charlene chiefly argues, in contravention of Robert's claim of a philosophical opposition to bankruptcy (Tr. at 43), that the language of the divorce decree "invites" Robert to discharge his marital debt obligation: "The balance of the debt * * * and the approximately Twenty Thousand Dollars * * * due for federal, state, and local taxes not set forth in Exhibit 37 shall become the responsibility of the Defendant provided however that should it become necessary for Defendant to file a bankruptcy in order to discharge those debts, he shall be at liberty to do so." Divorce Decree at paragraph 5. We further note in the record that Robert has been working seven days per week for the last ten years, but indicated he was uncertain as to how long he could maintain such a pace, other than to state "as long as my health holds up." Tr. at 39.
We are mindful the review of a spousal support award is done under a very high standard giving great deference to the trial court's decision on the issue. Easton v. Tabet (Aug. 12, 1996), Stark App. Nos. 1995CA00313, 1995CA00296. We are further cognizant that under certain circumstances, bankruptcy courts have found the true substance of an obligation to assume joint marital debts to be "in the nature of spousal support", and therefore non-dischargeable in bankruptcy proceedings. See, e.g., In re Calhoun (C.A. 6, 1983), 715 F.2d 1103. However, under the financial facts and circumstances of this case, including the distinct possibility of a future discharge of those debts which are dischargeable, we are persuaded the trial court abused its discretion in failing to maintain jurisdiction over the issue of spousal support.
Appellant's First Assignment of Error is sustained.
 II.
In her Second Assignment of Error, Charlene contends the trial court erred in failing to grant permanent spousal support. We disagree.
In Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, the Ohio Supreme Court held, at paragraph one of the syllabus: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
The case sub judice involves a thirty-four year marriage with both spouses in their mid-fifties. Charlene has consistently earned less than $10,000, usually as a child care provider, in the years she was not acting as a stay-at-home mother, and the record reflects a recommendation by Kathleen Houston, LPCC that Charlene, who has suffered from depression and anxiety since the divorce, "be permitted to stay in her present position as a pre-school teacher." Tr. at 10, Plaintiff's Exhibit 5. However, Kunkle should not be read to mandate permanent spousal support in such circumstances.
Therefore, under the facts previously recited, we do not find the lack of permanent spousal support inconsistent with the reasoning of Kunkle or an abuse of discretion by the trial court.
Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
By: WISE, J. HOFFMAN, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between appellant and appellee.