OPINION
{¶ 1} Appellant Jeffrey Wharton appeals from his divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division. Appellee Nancy Wharton is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on January 28, 1977. The parties had two children, both of whom have reached adulthood. On April 25, 2000, appellee filed a complaint for divorce. The parties were thereafter able to reach a resolution of all issues in the divorce except spousal support. Pursuant to a memorandum entry on April 9, 2002, the parties agreed that the trial court would review the spousal support issue and issue a ruling without holding a hearing. In support of their respective positions, appellant and appellee submitted memoranda, affidavits, tax return copies, and other documentary evidence.
 {¶ 3} On August 30, 2002, the trial court issued a judgment entry awarding permanent spousal support to appellee in the amount of $1500 per month. However, the trial court retained jurisdiction to review spousal support in the future. Said award was incorporated into the final decree of divorce filed on October 16, 2002.
 {¶ 4} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN AWARDING APPELLEE SPOUSAL SUPPORT IN THE AMOUNT $1,500.00 PER MONTH ON A PERMANENT BASIS.
 {¶ 6} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN NOT REQUIRING SPECIFIC TERMINATION TIMES AND DATES WITH REGARD TO THE AWARD OF SPOUSAL SUPPORT TO THE APPELLEE IN THIS CASE."
 I., II. {¶ 7} In his Assignments of Error, appellant contends the trial court abused its discretion in awarding appellee $1500 per month on a permanent basis with no time restrictions. We disagree.
 {¶ 8} Appellate review of a spousal support award is done under a very high standard giving great deference to the trial court's decision on the issue. Easton v. Tabet (Aug. 12, 1996), Stark App. Nos. 1995CA00313, 1995CA00296. A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140. R.C.3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.
 {¶ 9} Appellant first argues the trial court's judgment entry awarding spousal support does not state in sufficient detail the reasoning behind its decision. However, said judgment entry makes reference to the dates of the marriage tenure, the income, expense, and career evidence as to the parties, the assets and debts of the parties, and an indication that both parties appeared to be in good health. Moreover, a court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v. Barron Stark App. No. 2002CA00239, 2003-Ohio-649. A trial court judge is presumed to know the applicable law and apply it accordingly. State v. Eley (1996),77 Ohio St.3d 174, 180-181. We therefore find the trial court's ruling sufficient for proper appellate review.
 {¶ 10} Appellant next contends the trial court's ruling is unclear and inconsistent in that it ordered both "permanent" spousal support and that the award be subject to further court review. However, we find such language merely indicative of the trial court's intent to retain jurisdiction over the award. R.C. 3105.18(E) mandates that a trial court must reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree in order to modify a spousal support award. The decision whether to retain such jurisdiction is a matter within the domestic relations court's discretion. Smith v. Smith (Dec. 31, 1998), Lucas App. No. L-98-1027, citing Johnson v. Johnson (1993),88 Ohio App.3d 329, 331, 623 N.E.2d 1294. We find no merit in appellant's argument in this regard.
 {¶ 11} Appellant next contests the permanency of spousal support per se, and further argues the trial court should have at minimum specified termination of the order upon appellee's remarriage or cohabitation with another male. In Kunkle v. Kunkle, supra, the Ohio Supreme Court held, at paragraph one of the syllabus: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
 {¶ 12} In the case sub judice, both parties were born in 1956, and both had reached their forty-sixth birthday as of the date of the final decree. In her trial affidavit, appellee averred that her only job skills were "light secretarial." She listed her income at approximately $15,800 from her full-time secretarial job at a realtor company. The length of the marriage was slightly less than twenty-six years. Despite appellant's questionable protestation that this does not equate to a long-term marriage, we are unpersuaded that the trial court abused its discretion in establishing a permanent support order under these facts. Moreover, in this case the potential burden on appellant of a permanent order is ameliorated by the trial court's retention of jurisdiction to review and/or modify the award. See Neville v. Neville, Holmes App. No. 01CA028, 2002-Ohio-2901, citing Shoemaker v. Shoemaker (Dec. 15, 2000), Knox App. No. 00CA13.
 {¶ 13} Appellant finally challenges the amount of the award and the trial court's underlying analysis of the parties' financial circumstances. The relevant statute, R.C. 3105.18(C)(1), provides as follows:
 {¶ 14} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 15} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 16} The record reveals that both parties have high school educations. Appellant obtained certification as an electrician, and was formerly employed in that capacity for the City of Lancaster, participating in a PERS retirement plan. Appellant also worked part-time as a self-employed electrical contractor. In 2001, appellant left his job with the city and began full-time self-employment. The trial court found his 1999 income was $63,523; his 2000 income $49,481; and his 2001 income $53,570. The court found the average over the three-year period to be $55,525. In contrast, appellee's income was found to be $15,460 per year. The marital home, with a value of approximately $55,000, was by agreement awarded to appellee; however, she will also be responsible for a mortgage thereon of $45,000. Appellee will also be entitled to the marital portion of appellant's PERS account. There were no other significant assets. However, appellee averred the existence of large credit card debts, including over $13,000 owed to Citibank, over $3,700 owed to Discover, and $5800 owed to Merchant's Bank.
 {¶ 17} Appellant essentially argues the trial court incorrectly calculated his income and failed to account for his recent shift to self-employed income. He argues a more accurate figure for the three-year average of 1999, 2000, and 2001 would be $38, 014, not $55,525. He further suggests a figure of $9,114 in taxable income for the first five and one-half months of 2002. Appellant thus contends the trial court exaggerated the disparity of income between the parties, and has placed him in a position of being unable to pay. However, the trial court indicated it was utilizing appellant's gross income, i.e., the total of appellant's city pay plus his gross income from IRS Schedule C, without expense deductions. We note R.C. 3105.18 does not specify whether a court must use net income for self-employed persons. See Russell v. Carr (June 15, 1995), Cuyahoga App. No. 66104. Our review of the tax returns in evidence reveals no significant mathematical errors by the trial court in assessing appellant's gross income.
 {¶ 18} Accordingly, upon full review of the record, we find no abuse of discretion by the trial court in the award of spousal support pursuant to R.C. 3105.18 under these facts.
 {¶ 19} Appellant's First and Second Assignments of Error are overruled.
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Edwards, J., concur.