OPINION
{¶ 1} Appellant, William L. Bowersock ("William"), appeals the January 16, 2004 judgment entry of the Common Pleas Court of Allen County dismissing William's motion for an award of spousal support.
 {¶ 2} William and Joyce Bowersock ("Joyce") were married on August 10, 1963. Two children were born as issue of the marriage, but both children were emancipated at the time Joyce filed a complaint for divorce. Joyce filed the complaint for divorce on January 22, 1997, alleging William was guilty of gross neglect and extreme cruelty and that the parties were incompatible. While Joyce was represented by counsel, William proceeded pro se throughout the case.
 {¶ 3} William filed a motion for spousal support on July 1, 1997, along with several other motions. The trial court found these motions to be without merit and inappropriate at that particular time and overruled them in its December 12, 1997 decision. However, the court independently addressed whether spousal support was appropriate under the circumstances. The court examined the factors under R.C. 3105.18 and made the finding that Joyce earned approximately $48,000.00 per year and William was voluntarily underemployed. Further, the court found that it was reasonable and appropriate for Joyce to pay spousal support to William in the amount of $500.00 per month plus two percent administrative fee for a period of five years.
 {¶ 4} William filed a motion in objection to the court's December 12, 1997 decision asking the court to vacate the decision. The court found William's motion to be tantamount to a motion for reconsideration and overruled the motion in its January 6, 1998 judgment entry. On January 8, 1998, the parties appeared in court for presentment of a journal entry of divorce. The parties informed the court that they had reached an agreement pertaining to the divorce and requested the court to alter its former decision of December 12, 1997. The court inquired of the parties and determined that the agreement was fair and equitable and should be adopted by the court. The December 12, 1997 decision of the court was modified to comply with the terms of the agreement and all unaffected aspects of the court's previous decision remained enforceable and binding upon the parties. The affected provision of the court's judgment entry that is relevant to this appeal is the agreement of the parties that neither party pay spousal support to the other party. This agreement was reflected in the court's judgment entry decree of divorce that was filed on January 29, 1998, which granted a divorce to Joyce on the ground that the parties had lived separate and apart for a period of time in excess of one year without cohabitation. On March 2, 1998, William filed a notice of appeal of the January 29, 1998 judgment entry of divorce. On appeal, this court affirmed the judgment of the trial court in a per curiam decision. See Bowersock v. Bowersock (June 29, 1998), 3d Dist. No. 1-98-10, unreported, 1998 WL 378410.
 {¶ 5} In its December 14, 1998 journal entry, the trial court made the finding that the time for appeal in the case had run, such judgment being rendered and journalized on July 1, 1998, and that the judgment of the trial court had become final. However, William subsequently filed a motion with the trial court on May 3, 2002 for a division of property order with respect to Joyce's State Teachers Retirement System benefits. Joyce filed a motion to dismiss on the basis that the court no longer had jurisdiction over the matter. The trial court overruled the motion on May 23, 2002, holding that the parties voluntarily entered into an agreement with respect to the division of assets and debts which was reflected in the court's judgment entry decree of divorce. The court further held that to the extent the agreement was reflected in the court's judgment entry decree of divorce and affirmed by this court on appeal, William did not retain any interest in Joyce's State Teachers Retirement System benefits. After the trial court overruled his motion for reconsideration on the matter, William proceeded to appeal the judgment of the trial court to this court. By journal entry dated September 5, 2002, this court struck William's pro se brief for failure to comply with the rules for a proper brief and dismissed the appeal. The Ohio Supreme Court denied review at 98 Ohio St.3d 1422,2003-Ohio-259, 782 N.E.2d 77, and denied reconsideration at98 Ohio St.3d 1492, 2003-Ohio-1189, 785 N.E.2d 474.
 {¶ 6} William then filed a motion to request an award of spousal support with the trial court on December 8, 2003. Joyce again filed a motion to dismiss on the basis that the court no longer had jurisdiction over the matter. The court dismissed the motion for spousal support on January 16, 2004 on the ground that no reservation was made in the judgment entry allowing an award of spousal support. The trial court also stated that it was clear the court did not have jurisdiction to order the spousal support requested by William. William then filed a motion on January 22, 2004, requesting the court to vacate its January 16, 2004 judgment entry and hear the issue of spousal support. In its February 20, 2004 judgment entry, the court overruled and dismissed William's motion reiterating its findings of the January 16, 2004 judgment entry indicating the court did not have jurisdiction to address the issue. William now appeals the judgments of the trial court overruling his motion to award spousal support and dismissing his request to vacate the judgment overruling his motion.
 {¶ 7} William filed a pro se brief and a supplement to his brief with this court, both of which do not comply with the rules for a proper brief set forth in App.R. 16(A). William's brief fails to contain a table of cases, a statement of specific assignments of error for our review, a statement of the issues presented for review, a statement of the case, a statement of the facts or an argument with respect to each assignment of error presented for review and reasons in support. Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). Kremer v. Cox (1996), 114 Ohio App.3d 41, 60,682 N.E.2d 1006; Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159,519 N.E.2d 390. Notwithstanding the omissions in William's brief, in the interests of justice and finality, we elect to review the issue raised in William's appeal. We note that Joyce did not file a brief with this court regarding the instant appeal, although Joyce did respond to William's motion for spousal support filed with the trial court.
 {¶ 8} Since William failed to specifically indicate assignments of error, the following is our interpretation of the assignments of error raised by William.
The trial court abused its discretion and erred in itsdecision at law in dismissing the appellant's motion for spousalsupport.
 The trial court abused its discretion in denying appellant dueprocess.
 The trial court abused its discretion in dismissing theappellant's motion for spousal support before an assigned hearingon schedule could be conducted for discovery of clear evidencematerial to the spousal support could be conducted in proper atlaw procedure (sic).
 The trial court erred to/wit (sic) prejudice of thedefendant-appellant in filing its judgment entry on the dateJanuary 16, 2004.
 The trial court erred in that its decision to order, adjudge,and decree is clearly contrary to law in the a (sic) Ohio RevisedCode at 3105.18 where there are recent cases at law in Ohio whichsupport appellant's appeal.
 The trial court abused its discretion and erred in itsdecision with judgment entry of February 20, 2004 to dismissappellant's motion filed with clerk of lower court on January 22,2004.[1]
 {¶ 9} In short, William asserts that the trial court erred in dismissing his motion to award spousal support and in dismissing his motion requesting the court to vacate its January 16, 2004 judgment entry and hear the issue of spousal support. William appears to rely on the language of R.C. 3105.18(F), which provides that "[f]or purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." William argues that since he has had a change in circumstances under this section, he should be permitted to argue his case to the trial court for an order of spousal support. William asks this court to find that jurisdiction does exist in the trial court to hear the issue of spousal support.
 {¶ 10} R.C. 3105.18 governs awards and modifications of spousal support. The portion of the statute relevant to this appeal is R.C. 3105.18(E), which provides, in part:
if a continuing order for periodic payments of money asspousal support is entered in a divorce or dissolution ofmarriage action * * * the court that enters the decree of divorceor dissolution of marriage does not have jurisdiction to modifythe amount or terms of the alimony or spousal support unless thecourt determines that the circumstances of either party havechanged and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separationagreement of the parties to the divorce that is incorporated intothe decree contains a provision specifically authorizing thecourt to modify the amount or terms of alimony or spousalsupport.
 {¶ 11} The trial court did not order the payment of any type of spousal support in this case. Rather, the court adopted the agreement of the parties providing that neither party pay spousal support to the other party. Nor did the trial court retain jurisdiction to modify the order pertaining to spousal support. While case law supports the proposition that a court can retain jurisdiction to modify spousal support even when the court does not order support in the initial order, the court must still retain such jurisdiction to have the authority to modify the order at a later time. See Okos v. Okos (2000),137 Ohio App.3d 563, 739 N.E.2d 368; Johnson v. Johnson (1993),88 Ohio App.3d 329, 623 N.E.2d 1294. As the Ohio Supreme Court stated inRessler v. Ressler (1985), 17 Ohio St.3d 17, 18,476 N.E.2d 1032, divorce decrees regarding the issue of spousal support should "possess a degree of finality and certainty." The trial court's January 29, 1998 judgment entry decree of divorce possessed such finality and certainty. As such, the trial court did not reserve any jurisdiction with respect to the issue of spousal support and cannot now entertain such arguments by William.
 {¶ 12} Having disposed of the single argument raised in William's brief, the assignments of error are overruled and the judgment of the Common Pleas Court of Allen County is affirmed.
Judgment Affirmed.
 Cupp and Rogers, J.J., concur.
[1] This assignment of error was provided in the supplement to William's brief.