OPINION
{¶ 1} On April 6, 1986, appellant, Steven Simonetti, and appellee, Julie Simonetti, were married. On October 1, 2002, appellee filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate commenced on August 6, 2003. By findings of fact, conclusions of law and decision filed November 7, 2003, the magistrate recommended appellant pay appellee spousal support in the amount of $2,000 per month until the marital residence sold, then $4,000 per month for sixty months, and the trial court retain jurisdiction over the issue. The magistrate also divided the parties' property and assets. Appellant filed objections, relative to this appeal, objections on the amount of spousal support and retaining jurisdiction, and the equal division of a Comdisco Upside Sharing Bonus. By judgment entry filed April 19, 2004, the trial court denied these objections.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred when it retained jurisdiction to modify the duration of spousal support."
 II {¶ 5} "The trial court erred when it divided defendant-appellant's comdisco upside sharing bonus as a marital asset."
 III {¶ 6} "The trial court erred when it set spousal support in an amount that would require defendant-appellant to deplete his assets in order to comply."
 I {¶ 7} Appellant claims the trial court erred in retaining jurisdiction to modify the duration of the spousal support award. We disagree.
 {¶ 8} The decision to retain jurisdiction rests in the trial court's discretion. Johnson v. Johnson (1993),88 Ohio App.3d 329. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} In making its decision, the trial court considered the factors for spousal support contained in R.C. 3105.18(C)(1), finding the following:
 {¶ 10} "The Court determines that spousal support is appropriate and reasonable in the instant case because:
 {¶ 11} "a) Wife has little or no earned income currently, R.C. 3105.18(C)(1)(a)
 {¶ 12} "b) Husband has a greater earning ability than Wife, R.C. 3105.18(C)(1)(b);
 {¶ 13} "c) the parties have been married over 17 years, R.C. 3105.18(C)(1)(e);
 {¶ 14} "d) the parties established an upper-class standard of living during the marriage, R.C. 3105.18(C)(1)(g);
 {¶ 15} "e) although Wife could not articulate any specific plan for her future employment, it will take some time for Wife to obtain appropriate employment, R.C. 3105.18(C)(1)(k);
 {¶ 16} "f) spousal support may be deductible to Husband for income-tax purposes and may be income to Wife, 3105.18(C)(1)(l)." See, November 7, 2003 Magistrate's Findings of Fact, Conclusions of Law and Magistrate's Decision at Conclusion of Law No. 13.
 {¶ 17} The trial court awarded appellee the following:
 {¶ 18} "The Court determines that Husband shall pay spousal support to Wife as follows: $2,000 per month until the house is sold, then $4,000 per month for a total maximum period of 60 months beginning October 1, 2003, subject to termination upon: Husband's death; Wife's death; Wife's cohabitation with an unrelated person; or, Wife's remarriage. The Court shall retain jurisdiction to modify amount and duration of spousal support." Id.
 {¶ 19} Using the statutory factors in R.C. 3105.18(C)(1), the trial court set forth the following reasons for the award in pertinent part:
 {¶ 20} "i) Assets and Liabilities. Each of the parties will take one-half of the marital assets under the divorce decree. Wife will leave this marriage with assets of at least $450,000. She will benefit immediately from Court-ordered payments to her by Husband of: the real estate mortgage payment; other expenses for the former marital residence, where Wife will live `rent free'; and, of course, child support.
 {¶ 21} "m) Lost Income Production Capacity. There has been no evidence presented and no contention that Wife lost income production capacity from her marital responsibilities.
 {¶ 22} "n) `Any Other Factor'. Husband is making the mortgage loan payments for the martial residence, where Wife lives. Husband also is paying other interim obligations of the parties. At least until the real estate sells and the parties obtain employment, the parties will continue to have a negative cash flow and deficit spending."
 {¶ 23} We find this retention of jurisdiction does not violate the Supreme Court of Ohio's admonitions in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64. As is reflected in the trial court's decision, the marital residence is to be sold by mutual agreement. There is an unspoken philosophy that this may not be accomplished immediately or, as noted in the trial court's findings, some of appellant's income expectations may change because creditors of appellant's former employer (Comdisco) may have possible liens on any bonus funds.
 {¶ 24} Upon review, we find the trial court did not abuse its discretion in retaining jurisdiction to accommodate unforeseen circumstances.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court erred in labeling the Comdisco Upside Sharing Bonus as a marital asset and dividing it equally. We disagree.
 {¶ 27} The characterization of property as separate or marital is reviewed under a manifest weight of the evidence standard. James v. James (1995), 101 Ohio App.3d 668. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610,1993-Ohio-9. Once the property is labeled marital or separate, it is in the trial court's discretion to determine what is equitable as far as distribution. Cherry v. Cherry (1981),66 Ohio St.2d 348; Blakemore.
 {¶ 28} "Marital property" is defined in R.C. 3105.171(A)(3) as follows in pertinent part:
 {¶ 29} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 30} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage."
 {¶ 31} In her decision at Conclusion of Law No. 10, the magistrate recommended splitting the bonus equally. In overruling appellant's objection on this recommendation, the trial court stated the following:
 {¶ 32} "The Court finds that the Magistrate's equal division of this asset is consistent with the law. The interest in this plan existed during the marriage. The Defendant-Husband's rights were fixed as of his termination of July 31, 2003. This plan is in essence a deferred compensation account even though the amount that the parties will receive is dependant upon the liquidation of Comdisco and its creditors. Therefore, the Court upholds the Magistrate's classification that this is a marital asset subject to equal distribution * * *."
 {¶ 33} Appellant worked for Comdisco from 1994 until 2003, after the company had gone through bankruptcy in 2001. T. at 226-227, 236-237. Any income earned during this employment would be considered marital property. The bonus was part of appellant's compensation/separation agreement with Comdisco. T. 242. The payment of any funds from the bonus is contingent upon reaching ninety to ninety-five percent of the plan amount and Board approval. T. at 243.
 {¶ 34} Although appellant left his employment in July 2003, his rights under the bonus plan are protected. Appellant's severance pay will be directly deductible from the bonus plan if the bonus plan exceeds three hundred percent of his base salary. T. at 246.
 {¶ 35} We conclude that although payment from the bonus plan is contingent and subject to determination, it was generated during the marriage and therefore properly labeled as marital property.
 {¶ 36} Upon review, we find the trial court did not err in labeling the bonus as a marital asset and did not abuse its discretion in dividing the asset equally.
 {¶ 37} Assignment of Error II is denied.
 III {¶ 38} Appellant claims the trial court erred in setting the spousal support amount. We disagree.
 {¶ 39} The decision to award spousal support rests in the trial court's discretion. Kaechele v. Kaechele (1988),35 Ohio St.3d 93; Blakemore.
 {¶ 40} The trial court awarded appellee spousal support in the amount of $2,000 per month until the marital residence sold, then $4,000 per month for sixty months. Appellant argues this award will deplete his assets.
 {¶ 41} Part of the spousal support included payment of the mortgage on the marital residence until its sale. The trial court gave appellant credit for those payments out of the distribution of the sale of the real estate.
 {¶ 42} During trial, appellant admitted he was about to be re-employed, possibly with the company planning on purchasing what is left of Comdisco. T. at 250. Further, the retention of jurisdiction by the trial court appellant complained about in Assignment of Error I protects him from the contingency of not being re-employed.
 {¶ 43} Appellant also argues the division of assets to appellee should somehow be used in deciding the amount of spousal support. As we noted supra, the trial court was more than thorough in reviewing the factors set forth in R.C. 3105.18(C)(1) and comparing them with the parties' lifestyles and their relative earning capacities. Although appellee was a securities broker at one time, her licenses have lapsed. T. at 110. Appellant characterized appellee's part-time jewelry business as a "for-fun type thing to do." T. at 229.
 {¶ 44} Upon review, we find the trial court did not abuse its discretion in setting spousal support.
 {¶ 45} Assignment of Error III is denied.
 {¶ 46} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.