JANSSEN, Appellant,

v.

JANSSEN, Appellee.

[Cite as *Janssen v. Janssen*, 186 Ohio App.3d 488, 2010-Ohio-648.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2009 CA 00137.

Decided Feb. 22, 2010.

John L. Juergensen Co. and John L. Juergensen, for appellant.

Day Ketterer Ltd., Raymond T. Bules, and Jill C. McQueen, for appellee.

WISE, Judge.

{¶ 1} Appellant, Tina M. Janssen, appeals from the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which granted a

divorce to appellant and appellee, Peter L. Janssen. The relevant facts leading to this appeal are as follows.

{¶ 2} Appellant and appellee were married on June 21, 1996. Three children, all of whom are still minors, were born of the marriage.

{¶ 3} Appellant filed a complaint for divorce on January 2, 2008. Appellee filed an answer and counterclaim on January 8, 2008, to which appellant replied on January 10, 2008.

{¶ 4} The matter proceeded to a divorce trial before a magistrate on October 29, 2008, and December 3, 2008.

{¶ 5} On January 12, 2009, the magistrate issued a detailed 22–page decision, in which he found, among other things, that the combination of two mortgage balances resulted in negative equity as to the parties' marital home and that the parties had a joint credit-card debt of $8,688, as well as $14,008 in unsecured debt in appellant's name and $42,589 in unsecured debt in appellee's name. In addition, appellant was named residential parent and legal custodian of the children, by stipulation.

{¶ 6} Appellant filed pro se objections to the magistrate's decision on January 26, 2009, challenging various aspects of the magistrate's rulings concerning spousal support, property division, allocation of dependency exemptions, and provision of life insurance. A hearing on the objections was conducted by the trial court on April 8, 2009.

{¶ 7} On April 27, 2009, the trial court issued its judgment entry, modifying the magistrate's decision in part and adopting the remainder. A final decree of divorce was issued on May 11, 2009. The court found that the parties had a net negative marital estate of $43,900. The court ordered that appellant was to execute a quitclaim deed for the marital residence within 30 days of the decree, but that she would be entitled to occupy the property for a period of three years, or until it was sold, whichever occurs first. If, however, the residence has not sold by May 11, 2010, then appellee is required to use his best efforts to refinance the mortgages in his name. Furthermore, if the residence has not been refinanced within 60 months (five years) of the decree, it is to be listed for sale for six months; if still not sold, then the residence is to be auctioned. Appellee was ordered to pay spousal support of $1,408.22 per month for three years, payable directly to the mortgage holders.

{¶ 8} On June 2, 2009, appellant filed a notice of appeal. She raises the following four assignments of error:

{¶ 9} "I. The trial court abused its discretion in approving the final decree without language retaining jurisdiction over the issue of spousal support.

{¶ 10} "II. The trial court abused its discretion in allocating the rights and responsibilities with respect to the marital residence.

{¶ 11} "III. The trial court abused its discretion in allocating the parental rights and responsibilities.

{¶ 12} "IV. The trial court abused its discretion in finding that the 1992 Mustang was marital property and ordering it sold."

I

{¶ 13} In her first assignment of error, appellant contends that the trial court abused its discretion in failing to include language in the final decree retaining jurisdiction over the issue of spousal support. We agree.

{¶ 14} R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree in order to modify a spousal-support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. *Smith v. Smith* (Dec. 31, 1998), Lucas App. No. L–98–1027, 1998 WL 904941, citing *Johnson v. Johnson* (1993), 88 Ohio App.3d 329, 331, 623 N.E.2d 1294.

{¶ 15} Generally, a court speaks only through its journal entries. See, e.g., *Lazarevski v. Lazarevski* (Dec. 14, 1988), Lorain App. No. 4406, 1988 WL 134278. However, the parties do not dispute that the magistrate reserved jurisdiction over spousal support in his decision and that the trial court thereafter retained that reservation of jurisdiction in its decision redressing the objections to the magistrate's decision. However, the final decree of divorce is silent on the issue. Appellee, in his brief, further does not dispute that "the absence of an express reservation of jurisdiction in the Judgment Entry Decree of Divorce was in the nature of an oversight * * *."

{¶ 16} Although it may have been the better practice for the parties to seek resolution of this issue via an agreed nunc pro tunc entry presented to the trial court, under these circumstances we are inclined to reverse the judgment and remand as to the spousal-support award for the sole purpose of directing the trial court to add a reservation of jurisdiction in the final decree.

{¶ 17} Appellant's first assignment of error is sustained.

II

{¶ 18} In her second assignment of error, appellant contends that the trial court abused its discretion in allocating marital property, specifically concerning the marital residence. We disagree.

{¶ 19} Appellant essentially presents a three-fold challenge on this issue. She alleges error in (1) the amount of time afforded to appellee in which to refinance the loan on the home, (2) the requirement that appellant execute a quitclaim deed, and (3) the purported allowance of appellee to claim the federal tax deduction for mortgage interest.

### Appellee's Refinancing Duty

{¶ 20} The trial court ordered that appellee use his best efforts to refinance the home. Appellant contends that this permits too much latitude and does not provide an enforceable standard. Appellant also emphasizes that she could potentially remain on the mortgage for two and one-half years after her court-ordered vacating of the premises three years hence.

{¶ 21} We review "best effort" or "good faith" refinancing orders in divorce actions under an abuse-of-discretion standard. See *Woodland v. Woodland*, Belmont App. No. 06–BE–9, 2007-Ohio-3503, 2007 WL 1976667, ¶ 44. See also *Espenschied v. Espenschied*, Tuscarawas App. No. 2002AP030021, 2002-Ohio-5119, 2002 WL 31151358, ¶ 11–14. Upon review of the record in the case sub judice, it is evident that the trial court, confronted by the parties' substantial marital debt and the recent downturn in the national housing market, was attempting to provide appellee with the best chance of refinancing the home, while allowing appellant to continue to reside there for a reasonable time with the children, consistent with her stated wishes. Upon review, we find no abuse of discretion in the decision regarding refinancing.

### Order for Quitclaim Deed

{¶ 22} Appellant next challenges the court's requirement that she execute a quitclaim deed for the house by a date certain.

{¶ 23} Civ.R. 53(D)(3)(b) provides that a party may, if he or she so desires, file objections to a magistrate's decision within 14 days of the filing of the decision. The rule also requires that the objections be specific. Further, Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 24} A review of the record reveals that appellant did not mention the quitclaim deed issue in her objections to the magistrate's decision. Appellant instead challenged the "amount of the time given to Defendant [appellee] to have the Plaintiff's [appellant's] name removed from the existing *mortgages*." (Em-

phasis added.)   At the objection hearing, appellee's counsel pointed out the lack of objection concerning the quitclaim issue, without refutation.

{¶ 25} We thus find this issue waived for purposes of appeal, and we further decline to invoke the plain-error doctrine.

Mortgage-Interest Deduction Issue

■   {¶ 26} Appellant finally claims that the divorce decree will, "in theory," give appellee the ability to utilize the federal tax deduction for mortgage interest paid, when appellee also has the right to write off the mortgage payment as spousal support.

■   {¶ 27} We note that at the objection hearing, the trial court indicated that as a matter of federal tax law, appellee would not be allowed to take both deductions.   Appellant maintains that the trial court should have ordered that she be permitted to claim the mortgage interest on her future individual returns. However, appellant provides no specific authority for her proposition that a divorced person, who must shortly remove her name from a residential deed (while continuing to live in the residence), may claim an interest deduction based on mortgage payments made by the former spouse.   Moreover, we find that the redress of a federal-tax issue of this nature under the Internal Revenue Code is not our function in this appeal.   We instead emphasize that an appellant, in order to secure reversal of a judgment, must generally show that a recited error was prejudicial to her.   See *Tate v. Tate*, Richland App. No. 02–CA–86, 2004-Ohio-22, 2004 WL 26517, ¶ 15, citing *Ames v. All Am. Truck & Trailer Serv.* (Feb. 8, 1991), Lucas App. No. L–89–295, 1991 WL 16509, quoting *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 110, 41 O.O.2d 412, 233 N.E.2d 137.   We are unable to conclude that appellant has established prejudicial error under the circumstances presented.

{¶ 28} Appellant's second assignment of error is overruled.

III

{¶ 29} In her third assignment of error, appellant challenges certain aspects of the trial court's allocation of parental rights and responsibilities.

{¶ 30} Appellant first challenges the trial court's award to appellee of the dependency tax exemption for all three children.

{¶ 31} R.C. 3119.82 reads as follows:

{¶ 32} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the 'Internal

Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended. * * * If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 33} "* * *"

■ {¶ 34} The language of R.C. 3119.82 "does not require that the trial court state its reasons on the record for awarding the exemption." *Streza v. Streza,* Lorain App. No. 05CA008644, 2006-Ohio-1315, 2006 WL 709056, ¶ 12. The decision to allocate tax exemptions is a matter left to the sound discretion of the trial court. *In re Custody of Harris,* 168 Ohio App.3d 1, 2006-Ohio-3649, 857 N.E.2d 1235, ¶ 55.

■ {¶ 35} At trial, appellant's counsel asked appellant: "Since you're not working at this time, you're not asking the court to award you any tax exemptions even though you're the custodial parent. You understand that?" Appellant responded: "Yes." Furthermore, appellant's counsel for the objection hearing stated that appellant's objection regarding the tax exemption was being withdrawn. We thus find the issue of the dependency tax exemption waived for purposes of appeal. Even if we were to conclude otherwise, the magistrate expressly stated that he had considered the factors under R.C. 3119.82, and we find no record demonstration of an abuse of discretion under the facts and circumstances presented. Accord *Schaefer v. Schaefer,* Stark App. No. 2007CA00283, 2008-Ohio-3960, 2008 WL 3009856, ¶ 84.

{¶ 36} Appellant secondly maintains that the trial court neglected to put in a figure for the amount of exclusive companionship time appellee would be entitled to take during his vacations, as part of the standard Stark County Family Court Parenting Schedule.

■ {¶ 37} We note that parental rights and responsibilities are to be allocated based upon the paramount consideration of the best interest of the child. *Trent v. Trent* (May 10, 1999), Preble App. No. CA 98–09–014, 1999 WL

298073. Our review of a trial court's decision allocating parental rights and responsibilities is under an abuse-of-discretion standard. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Under the facts and circumstances of the case sub judice, in the interest of judicial economy, we are inclined to remand the specific issue of vacation time to the trial court for review and clarification.

{¶ 38} Appellant's third assignment of error is sustained in part and overruled in part.

## IV

{¶ 39} In her fourth assignment of error, appellant contends that the trial court abused its discretion in allocating the parties' 1992 Ford Mustang automobile. We disagree.

{¶ 40} We note that this court has repeatedly expressed reluctance to engage in piecemeal review of individual aspects of a property division taken out of the context of the entire award. See, e.g., *Harper v. Harper* (Oct. 11, 1996), Fairfield App. No. 95 CA 56, 1996 WL 608450, citing *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 9 OBR 529, 459 N.E.2d 896. We further note that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla*, Tuscarawas App. No. 2005 AP 02 0018, 2005-Ohio-6767, 2005 WL 3484130, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

{¶ 41} It appears undisputed that appellant's father (or her father's trust) was the prior owner of the vehicle and that he gave it as a gift, following which it was titled in appellant's name. However, appellant and appellee provided differing testimony as to whether the vehicle was given to both parties. Upon review of the record, we are unpersuaded that the court abused its discretion in finding the Mustang to be marital property and ordering it sold under the facts and circumstances of this case. Appellant's fourth assignment of error is overruled.

{¶ 42} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the trial court with directions to add a reservation of spousal-support jurisdiction and to clarify vacation companionship time.

Judgment accordingly.

GWIN, P.J., concurs.

HOFFMAN, J., concurs in part and dissents in part.

HOFFMAN, Judge, concurring in part and dissenting in part.

{¶ 43} I concur in the majority's analysis and disposition of appellant's first, third, and fourth assignments of error.

{¶ 44} I further concur in the majority's analysis and disposition of appellant's second assignment of error, with the single exception of its disposition of the mortgage-interest deduction issue.

{¶ 45} While the trial court indicated that appellee would not be allowed to take both deductions, the final divorce decree specifically declares that support paid by appellee (directly to the mortgage holders) is tax deductible to appellee and taxable as income to appellant. While appellee conclusorily claims in its brief that appellee is unable to claim both under the Internal Revenue Code, I remain unconvinced in the absence of a specific reference to the applicable code section, particularly in light of the fact that appellant will have no legal interest in the property after her execution of the quitclaim deed.

{¶ 46} Accordingly, I would sustain this portion of appellant's second assignment of error and upon remand, instruct the trial court to specifically declare appellant entitled to the mortgage-interest deduction for any payments constituting spousal support paid by appellee directly to the mortgage holders unless prohibited by the Internal Revenue Code. If prohibited, I would instruct the trial court to allow only that portion of the spousal-support payment that exceeds the deductible mortgage interest as taxable income to appellant and deductible by appellee.