[Cite as *Bailey v. Bailey*, 2020-Ohio-4333.]

## COURT OF APPEALS OF OHIO

### SIXTH APPELLATE DISTRICT
### COUNTY OF SANDUSKY

| | | |
|---|---|---|
| BRENDA BAILEY, | : | |
| Plaintiff-Appellee/<br>Cross-Appellant, | : | No. 20 CAS 14 |
| | : | |
| v. | | |
| | : | |
| RAYMOND BAILEY, | : | |
| Defendant-Appellant/<br>Cross-Appellee. | : | |
| | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** September 4, 2020

---

Civil Appeal from the Sandusky County Court of Common Pleas
Domestic Relations Division
Case No. 18 DR 1144

---

### *Appearances:*

Albrechta & Coble, Ltd., John Coble, Joseph F. Albrechta,
and Jordan A. Treece, *for appellee.*

Mayle, L.L.C., and Andrew R. Mayle, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Raymond Bailey ("Raymond") appeals from a judgment entry of the Sandusky County Court of Common Pleas, Domestic Relations Division, granting a divorce from his former wife, Brenda Bailey ("Brenda"). Raymond contends that

the trial court erred in not retaining jurisdiction to modify the spousal support award. Brenda cross-appeals, contending that the trial court erred in limiting the spousal support award to eight years. For the reasons that follow, we affirm the trial court's judgment regarding the length of the spousal support award but reverse that part of the trial court's judgment stating that it does not retain jurisdiction to modify the spousal support award. The matter is remanded for entry of an amended judgment consistent with this decision.

## I. Background

{¶ 2} The parties engaged in lengthy settlement discussions and reached agreement on all issues except for spousal support and attorney fees. The trial court decided the issue of spousal support on briefs and awarded Brenda support of $1,750.00 per month for eight years, nonmodifiable but subject to termination upon Brenda's remarriage or cohabitation with an unrelated male.

{¶ 3} The trial court made the following findings regarding its spousal support award. Raymond and Brenda were married for 35 years and had three children, all of whom were adults at the time of the divorce. They are each 53 years old. Raymond is employed as a laborer with an average annual income over the last five years of about $84,500.00. Brenda receives Social Security disability benefits in the amount of $13,326.00 annually. She could earn additional income because she is a licensed daycare provider but has chosen not to work in that field. The court also found that Brenda would most likely need to further supplement her income and that she is not so disabled that she cannot find gainful employment. The court

reasoned that "[s]he is not a woman abandoned at age 70 after 50 years of marriage with no work history and no opportunity."

{¶ 4} In his assignment of error, Raymond contends that the trial court erred in failing to retain jurisdiction to modify the spousal support award during its eight-year term. He does not dispute the amount or length of the award, but argues that in light of the trial court's refusal to retain jurisdiction, he could not seek any reasonable accommodation should some future misfortune such as a disability or layoff render him unable to comply with the order. He asserts that without any ability to modify the spousal support order if there is a change in circumstances, any financial misfortune would either cause a drastic change in his own lifestyle or force him into a contempt-of-court situation. According to Raymond, either result would "twist the even-handed aim" of spousal support law because although the law does not require the court to ensure an equal standard of living when awarding spousal support, "neither party should profit at the expense of the other." *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 70, 554 N.E.2d 83 (1990).

{¶ 5} Under R.C. 3105.18(E)(1), a domestic relations court must reserve jurisdiction to subsequently modify a spousal support award. The decision as to whether to retain such jurisdiction is a matter within the domestic relations court's discretion. *Smith v. Smith*, 6th Dist. Huron No. H-99-029, 2001 Ohio App. LEXIS 64, 8 (Jan. 12, 2001), citing *Johnson v. Johnson*, 88 Ohio App.3d 329, 331, 623 N.E.2d 1294 (5th Dist.1993). Accordingly, this court will not reverse a trial court's decision to not retain jurisdiction absent an abuse of that discretion.

**{¶ 6}** An abuse of discretion is more than an error law or judgment. Rather, the term implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. *Smith* at *id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 7}** In this case, we find that the trial court was unreasonable in failing to retain jurisdiction to modify the spousal support award in the future should Raymond or Brenda's circumstances change. "The parties are in their early fifties and, although they do not suffer from major medical problems at the present time, they could encounter such problems over the next [eight] years." *Smith* at 11 (holding that trial court's failure to retain jurisdiction over a seven-year spousal support award was an abuse of discretion). Additionally, in these uncertain economic times, exacerbated by a worldwide pandemic, Raymond's income could vary greatly in the coming years. Given these factors, we conclude the trial court abused its discretion by failing to retain jurisdiction over the spousal support award.

**{¶ 8}** Our conclusion is in accord with the majority of districts in Ohio, including this one, that have held that a trial court abuses its discretion if it orders spousal support for definite periods of relatively long duration without a reservation of authority to modify the amount of support due to a change of circumstances. *See Smith* at ¶ 10; *Morris v. Morris*, 9th Dist. Summit No. 22778, 2006-Ohio-1560, ¶ 21; *Orwick v. Orwick*, 7th Dist. Jefferson No. 04JE14, 2005-Ohio-5055, ¶ 64, citing *Bertholet v. Bertholet*, 154 Ohio App.3d 101, 2003-Ohio-4519, 796 N.E.2d 541, ¶ 55 (9th Dist.); *Arthur v. Arthur*, 130 Ohio App.3d 398, 410, 720 N.E.2d 176 (5th

Dist.1998); *Nori v. Nori*, 58 Ohio App.3d 69, 73, 568 N.E.2d 730 (12th Dist.1989); *Babcock v. Babcock*, 8th Dist. Cuyahoga No. 82805, 2004-Ohio-2859, ¶ 43; *Straube v. Straube*, 11th Dist. Lake No. 2000-L-074, 2001 Ohio App. LEXIS 3528 (Aug. 10, 2001); *Henninger v. Henninger*, 2d Dist. Darke No. 1303, 1993 Ohio App. LEXIS 2558 (May 4, 1993); *Brown v. Brown*, 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204, ¶ 74.

{¶ 9} The spousal support award in this case was for eight years, a relatively lengthy period of time. The trial court's failure to retain jurisdiction to modify the spousal support award failed to account for possible contingencies such as Raymond becoming disabled or suffering a reduction in income. The trial court's failure to retain jurisdiction is also a detriment to Brenda because it prevents her from seeking a modification to the award. *Morse v. Morse*, 6th Dist. Ottawa No. OT-16-023, 2017-Ohio-5690, ¶ 29 (retention of jurisdiction works to the advantage of both parties because it makes it possible for both parties to ask for modification of the award). Accordingly, we find that the trial court abused its discretion in not retaining jurisdiction to modify the spousal support award. Raymond's assignment of error is sustained.

{¶ 10} In her cross-appeal, Brenda contends that the trial court abused its discretion in limiting the spousal support award to eight years. She contends that she is disabled, and nothing in the record suggests that she has the resources, ability, or potential to become self-supporting. Accordingly, she contends that the trial court should have ordered spousal support for an indefinite duration and reserved

jurisdiction to modify the order as appropriate. In the alternative, she contends that if there must be a fixed term, "at the very least," the term "should be in the neighborhood of 12 years," and the court should retain jurisdiction "for both parties to have the benefit of court review in order to ensure fairness and that their respective needs [are] being met." (Appellee's Brief, p. 8.)

{¶ 11} Trial courts generally enjoy broad discretion to determine spousal support issues. *Kunkle,* 51 Ohio St.3d at 67, 554 N.E.2d 83. Accordingly, we will not reverse a trial court's spousal support decision absent an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 696 N.E.2d 1108 (1997). In this case, we find no abuse of discretion by the trial court's limiting the spousal support award to eight years.

{¶ 12} R.C. 3105.18(B) allows trial courts, upon a party's request and after property distribution, to award reasonable spousal support. The statute sets forth the factors a court shall consider when determining whether a spousal support award is reasonable and appropriate. If the trial court awards spousal support,

> [t]he modern trend favors terminating [spousal support] on a date certain. The reason for awarding [spousal support] payable only to a date certain is that the payee's need requiring support ceases, when, under reasonable circumstances, the payee can become self-supporting. * * * [E]xcept in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of [spousal support] should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.

*Kunkle* at 69.

{¶ 13} This marriage was unquestionably one of lengthy duration (35 years), so the standard presumption against an indefinite award of spousal support is therefore inapplicable. But *Kunkle* does not stand for the proposition that permanent spousal support is mandated in marriages of lengthy duration. *Lojek v. Lojek*, 4th Dist. Washington No. 10CA8, 2010-Ohio-5156, ¶ 62; *Bello v. Bello*, 5th Dist. Delaware No. 09CAF040041, 2010-Ohio-1912, ¶ 70. Even in a marriage of long duration, "if the payee spouse has the ability to work outside the home and be self-supporting, a spousal support award should include a termination date." *Lepowsky v. Lepowsky*, 7th Dist. Columbiana No. 06CO23, 2007-Ohio-4994, ¶ 81. An award of indefinite spousal support is proper only where "under reasonable circumstances, a divorced spouse does not have the resources, ability or *potential* to become self-supporting." *Kunkle* at 69 (emphasis sic.)

{¶ 14} We find no merit to Brenda's contention that there is no evidence in the record to suggest she has the resources, ability, or potential to become self-supporting. The evidence demonstrated that Brenda is 53 years of age. Today, where individuals commonly live well into their eighties and nineties, 53 is considered to be a relatively young age. *See, e.g.*, *Sears v. Sears*, 5th Dist. Stark No. 2001CA00368, 2002-Ohio-4069 (affirming denial of permanent spousal support in a case involving a 34-year marriage with both spouses in their mid-fifties).

{¶ 15} The evidence also demonstrated that despite her disability,[1] Brenda is able at a minimum to provide daycare services in her home.[2] Brenda's relatively young age, coupled with her demonstrated ability to work, is sufficient evidence that she has the potential and ability to become self-supporting. Brenda offered no evidence to the contrary. Thus, we find no abuse of discretion in the trial court's decision not to award indefinite spousal support.

{¶ 16} We likewise find no abuse of discretion in the trial court's decision to limit the award to eight years. Brenda's argument that the term should be "in the neighborhood of 12 years" because the marriage was lengthy, and she is currently unemployed and receiving disability benefits, offers nothing to explain why the award should have been for a longer period of time. The trial court undoubtedly considered these factors in rendering its judgment, and we find nothing in the record to indicate the award should have been for a longer period of time. Brenda's cross-appeal is therefore overruled.

{¶ 17} Judgment reversed in part and remanded.

It is ordered that appellant/cross-appellee recover from appellee/cross-appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] In her trial court brief regarding spousal support, Brenda stated that during her prior employment at Revere Plastics, she sustained a wrist/shoulder injury that resulted in the Social Security disability award.

[2] Although Brenda asserted in her trial court brief that she is not a licensed daycare provider, the evidence demonstrated that she has provided daycare services in her home.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR

*Judges of the Eighth District Court of Appeals sitting by assignment in the Sixth District Court of Appeals.

Spousal support award; retain jurisdiction; abuse of discretion; change in circumstances; modify; definite period; eight years; disability; self-supporting.

Trial court abused its discretion in not retaining jurisdiction to modify the spousal support award where the award was for eight years and could not be modified if there was a change in circumstances; trial court did not abuse its discretion in limiting the spousal support award to a definite term even though the marriage was of long duration and the payee ex-wife was disabled because she was relatively young and had the ability to work and become self-supporting.