[Cite as *Stites v. Stites*, 2012-Ohio-3179.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SHERYL A. STITES | : | |
| | : | Appellate Case No. 24979 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 02-DR-1467 |
| v. | : | |
| | : | |
| RODNEY A. STITES | : | (Civil Appeal from |
| | : |  Domestic Relations Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2012.

. . . . . . . . . . .

THOMAS P. LIPTOCK, Atty. Reg. #0036928, 2121 Miamisburg-Centerville Road, Centerville, Ohio 45459
    Attorney for Plaintiff-Appellant

DEAN E. HINES, Atty. Reg. #0062990, 7950 Clyo Road, Centerville, Ohio 45459
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Sheryl Stites appeals from the trial court's decision and judgment entry sustaining appellee Rodney Stites's motion to hold her in contempt for failure to refinance the

parties' marital residence or to list the home for sale.

{¶ 2}    In her sole assignment of error, Sheryl contends the trial court erred in holding her in contempt where she never disobeyed any court order.[1]

{¶ 3}    The record reflects that the parties obtained a final judgment and divorce decree in 2004. The decree awarded Sheryl the marital residence but obligated her to refinance an existing mortgage within six months or to list the home for sale.

{¶ 4}    In June 2006, Rodney moved to hold Sheryl in contempt for failing to refinance the mortgage or list the home for sale. The parties subsequently filed an agreed entry holding the contempt action in abeyance until July 10, 2008, when Rodney was to return from military deployment overseas. Thereafter, in October 2008, Rodney again sought to hold Sheryl in contempt because she still had not refinanced the mortgage or listed the home for sale. In June 2009, the parties filed an agreed order providing for the home immediately to be listed for sale with realtor Tammy Murphy. The order allowed Sheryl to remove the home from the market if she refinanced it.  In September 2009, Rodney moved to have Sheryl held in contempt for failure to comply with this agreed order.

{¶ 5}    Hearings were scheduled on the contempt issue, but they were continued. On March 1, 2010, the parties apparently read into the record an agreement that later was journalized in an agreed entry and order filed March 30, 2010.[2] (Doc. #224). That agreement obligated Sheryl to vacate the marital residence by May 30, 2010, and to list the home for sale with realtor Denise Zwick. Among other things, the agreed entry also provided that Sheryl was

---

[1] For purposes of clarity, we will refer to the parties by their first names.

[2] No transcript of the parties reading the agreement into the record has been filed.

in contempt of court for failure to refinance the home or to list it for sale. The agreed entry allowed her to purge the contempt by vacating the residence and listing it for sale. In April 2010, Sheryl objected to the March 30, 2010, agreed entry because neither she nor her attorney had signed it. The trial court subsequently vacated the agreed entry.

{¶ 6}   A magistrate held an evidentiary hearing on the contempt issue on August 23, 2010. During the hearing, Sheryl admitted she had not refinanced the marital residence or listed it for sale. Sheryl claimed she had made numerous attempts to refinance but had been unsuccessful. She testified that she had not listed the property for sale because she was waiting for Zwick to contact her.   Following the hearing, the magistrate found Sheryl in contempt for failure to list the marital residence for sale. (Doc. #291 at 6).

{¶ 7}   Sheryl objected to the magistrate's decision. She argued that a contempt finding was unsupported by the evidence because Zwick went on vacation "and never got back in touch with [her] after that." (Doc. #297). The trial court overruled the objection. (Doc. #317). Noting that Sheryl had more than six years to refinance the property or list it for sale, the trial court found her in civil contempt and ordered her to serve five days in jail. The trial court provided for her to "purge the contempt by immediately cooperating with the defendant to list the home for sale and cooperate with a licensed real estate broker to show the home."[3]

{¶ 8}   On appeal, Sheryl insists the contempt finding is unsupported by the record because she never disobeyed any court order. She contends the record lacks evidence that she failed to cooperate with realtors Tammy Murphy or Denise Zwick. According to Sheryl,

---

[3]Although the trial court did not specify whether Sheryl was in civil or criminal contempt, the fact that it gave her an opportunity to "purge" the contempt indicates a civil contempt order. *Mickler v. Carter*, 2d Dist. Montgomery No.23373, 2009-Ohio-6588, ¶9.

Murphy never tried to contact her. Sheryl further notes that the March 30, 2010 agreed entry that required listing the property with Zwick was vacated by the trial court. In light of these facts, Sheryl contends the trial court's contempt finding is against the weight of the evidence. We disagree.

**{¶ 9}** Sheryl's appellate argument ignores her duty to comply with the court's orders. The 2004 divorce decree awarded her the marital residence but obligated her to refinance the mortgage or list the home for sale within six months. By their own agreement, the parties extended that six-month period multiple times. On June 24, 2009, however, the parties agreed to an order that required the home to be listed for sale immediately. Rodney renewed his contempt motion in September 2009 when Sheryl failed to comply with the agreement. The next noteworthy event was the filing of another agreed entry and order on March 30, 2010. Although this order would have given Sheryl still more time, she succeeded in having it vacated. Therefore, at the time of the August 2010 hearing, no agreement between the parties shielded Sheryl from a contempt finding for failing to refinance her home or list it for sale.

**{¶ 10}** Contrary to Sheryl's argument, the trial court's contempt finding is not against the weight of the evidence. Her claim about "cooperating" with realtor Murphy is unavailing. The divorce decree required more than amorphous "cooperation." It required a specific act, listing the marital residence for sale after six months. Nor are we persuaded by Sheryl's attempt to blame realtor Zwick. The legal obligation to have the marital residence listed for sale was Sheryl's, not Zwick's. Even if Zwick failed to get back with her following a vacation, nothing prevented Sheryl from taking the initiative and calling Zwick or another realtor.

Instead, Sheryl did nothing but delay. As a result, the trial court did not err in finding her in contempt.

{¶ 11} The sole assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Thomas P. Liptock
Dean E. Hines
Hon. Denise L. Cross