[Cite as *Stites v. Stites*, 2016-Ohio-235.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | |
|---|---|
| SHERYL A. STITES | : |
| | :    Appellate Case No. 26652 |
| Plaintiff-Appellant | : |
| | :    Trial Court Case No. 02-DR-1467 |
| v. | : |
| | :    (Civil Appeal from Common Pleas |
| RODNEY A. STITES | :     Court, Domestic Relations) |
| | : |
| Defendant-Appellee | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2016.

. . . . . . . . . . .

SHERYL A. STITES, 2052 Owendale Drive, Kettering, Ohio 45439
       Plaintiff-Appellant, *pro se*

DEAN HINES, Atty. Reg. No. 0062990, 7950 Clyo Road, Centerville, Ohio 45459
       Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

**{¶ 1}** Plaintiff-appellant Sheryl Stites appeals from an order of the Montgomery County Court of Common Pleas, Division of Domestic Relations, granting defendant-appellee Rodney Stites access to the marital property, and appointing him as trustee over

her interest in the property for the limited purpose of effecting repairs and the sale of the property. Ms. Stites argues that the trial court inappropriately held her in contempt for failing to sell the property. She also contends that the trial court erred by ordering her to repay the sum of $3,645.60 to Mr. Stites, representing the amount she was overpaid from his military pension.

{¶ 2} We conclude that Ms. Stites is mistaken in her belief that the trial court held her in contempt; as no contempt order was entered. We further conclude that the trial court's order regarding the residence does not constitute an abuse of discretion; it is appropriately fashioned to ensure compliance with the terms of the divorce decree. Finally, we conclude that Ms. Stites failed to present a defense to the claim for repayment. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. The Course of Proceedings

{¶ 3} The parties were divorced in 2004. The decree provided that the marital residence would be awarded to Ms. Stites. However, the decree required her to refinance the mortgage on the home within six months or to list the house for sale. The record indicates that the home was transferred, resulting in Ms. Stites holding sole title. The decree also awarded her a portion of Mr. Stites's military pension.

{¶ 4} Over the years, Mr. Stites has attempted to secure compliance with the terms of the decree involving the home. Indeed, Ms. Stites was previously held in contempt due to her failure to list the home and to cooperate with realtors in order to sell the home. *See Stites v. Stites*, 2d Dist. Montgomery No. 24979, 2012-Ohio-3179; *Stites v. Stites*, 2d Dist. Montgomery No. 25595, 2013-Ohio-4950. As of December 2013, Ms. Stites had

still failed to comply with the decree regarding the home.

{¶ 5} On December 12, 2013, Mr. Stites moved to hold Ms. Stites in contempt of a prior court order requiring her to pay attorney fees. The motion also sought an order granting him exclusive possession of the home in order to effect necessary repairs and to facilitate the sale of the home. Finally, the motion sought an order requiring Ms. Stites to repay the sum of $3,645.60 in overpayments she received from his military pension.

{¶ 6} At the hearing on the motion, Mr. Stites orally withdrew the motion to hold Ms. Stites in contempt on the issue of attorney fees. Mr. Stites testified that the mortgage on the residence is solely in his name, despite the fact that the deed to the property is held only in Ms. Stites's name. He further testified that he has made attempts to have the house listed, but that Ms. Stites refused to list the property with two separate realtors he had contacted. Instead, Ms. Stites listed the home with Kelly Moore, a realtor with Coldwell Banker, but the house did not sell. He testified that he wanted access to the home in order to make repairs and to sell it.

{¶ 7} Ms. Moore testified that she listed the house for sale on May 9, 2013, for the sale price of $79,900. She testified that the sale price was at the highest end of the possible range of prices, and that in her opinion, the price was too high. She based her opinion on the fact that the house needed numerous repairs, including a new roof. She testified that she attempted to get Ms. Stites's approval for a price reduction numerous times, but Ms. Stites refused to lower the price. Moore testified that over the course of the six-month listing, no one viewed the residence. She testified that the listing expired on November 9, 2013, and that she and her company declined to re-list the property.

{¶ 8} Ms. Stites testified on her own behalf, pro se. She testified that she had

cooperated with Moore. Ms. Stites testified that she had not attempted to find another realtor to list the house after Moore declined to relist the house, because she did not know the amount of the mortgage payment, and because she believed that Moore still had the home "listed somewhere," despite her knowledge that Moore had informed her that she would need to find a different realtor.

{¶ 9} The magistrate entered a decision appointing Mr. Stites as trustee over Ms. Stites's interest in the property in order to execute any real listing contract, and to authorize the sale of the property. The order also granted him access to the home to make necessary repairs to the property. The decision also ordered Ms. Stites to reimburse the requested amount of the pension overpayment.

{¶ 10} Ms. Stites objected to the magistrate's decision. Her objection was overruled, and the magistrate's decision was adopted as the order of the trial court. Ms. Stites appeals.

**II. Ms. Stites Has Not Been Held in Contempt, and the Orders**

**Establishing Mr. Stites as Trustee for Certain Specified Purposes**

**Are Reasonably Contemplated to Achieve Compliance with the**

**Trial Court's Prior Orders Relating to the Sale of the Marital Home**

{¶ 11} Ms. Stites's First through Seventh Assignments of Error state as follows:

THE TRIAL COURT ERRED IN FINDING PLAINTIFF/APPELLANT IN CONTEMPT OF COURT FOR FAILING TO LIST THE MARITAL RESIDENCE FOR SALE.

THE TRIAL COURT ERRED IN FINDING PLAINTIFF/APPELLANT

IN CONTEMPT OF COURT FOR FAILING TO AGREE UPON ALLOWING THE REALTOR TO REDUCE THE SALE PRICE OF THE MARITAL RESIDENCE.

THE TRIAL COURT ERRED IN FINDING PLAINTIFF/APPELLANT IN CONTEMPT OF COURT FOR FAILING TO ACTIVELY COMPLY WITH THE COURT'S ORDER TO REFINANCE OR PLACE THE MARITAL RESIDENCE FOR SALE.

THE TRIAL COURT ERRED IN FINDING PLAINTIFF/APPELLANT IN CONTEMPT OF COURT AND NAMING THE DEFENDANT TRUSTEE OVER THE PLAINTIFF'S INTEREST IN THE MARITAL RESIDENCE, THUS ALLOWING HIM TOTAL CONTROL OVER ALL ASPECTS OF THE MARITAL RESIDENCE.

THE TRIAL COURT ERRED IN FINDING PLAINTIFF/APPELLANT CONTINUES TO OBSTRUCT IN THE SALE OF THE PROPERTY.

THE TRIAL COURT ERRED IN FINDING PLAINTIFF HAS NOT COOPERATED WITH FINDING A REALTOR AND LISTING THE PROPERTY FOR SALE.

THE TRIAL COURT ERRED IN FINDING PLAINTIFF/APPELLANT HAS NOT COOPERATED WITH TRYING TO SALE [SIC] THE PROPERTY.

{¶ 12} Ms. Stites contends that the trial court erred by finding her in contempt. She further contends that the trial court erred by naming Mr. Stites trustee over her interest in the property, and granting him access to the property.

{¶ 13} As noted above, Mr. Stites did not seek to hold Ms. Stites in contempt on the issue of the refinance or sale of the residence, but solely on the issue of attorney fees. That portion of the motion was withdrawn, and the trial court did not hold Ms. Stites in contempt on any matter at issue in this appeal. The trial court's order is limited to determining a method for effectuating the sale of the property. Thus, we find the arguments regarding contempt without merit.

{¶ 14} We next turn to the claim that the trial court erred by giving Mr. Stites the power to execute documents for the sale of the house, and to allow access for making repairs to the house. The record contains evidence that Ms. Stites did not cooperate with Moore regarding the sale price of the home. It further shows that she did not bother to re-list the home with another realtor. Indeed, the record shows that during the more than ten years since the divorce decree, the only listing was with Moore. The trial court was free to disbelieve her claim that she was unable to list the home with another realtor, or that she thought the home was listed "somewhere." The credibility of the witnesses, and the weight to be given to their testimony is a matter primarily for the trier of fact. *State v. Whitmore*, 2d Dist. Miami No. 01-CA-29, 2002 WL 191656, * 2 (Feb. 8, 2002).

{¶ 15} We conclude that the trial court did not abuse its discretion. The record reflects that Ms. Stites has a history of failing to comply with the terms of the decree. She has managed to live in a house, mortgaged solely in Mr. Stites's name, for ten years beyond the time allotted for refinancing or selling. The order of the trial court is reasonably contemplated to achieve compliance with its 2004 order.

{¶ 16} Accordingly, Ms. Stites' First through Seventh Assignments of Error are

overruled.

### III. Based Upon a 2012 Revision of the Order Pertaining to the Division of Mr. Stites's Military Pension, the Trial Court Correctly Found that Ms. Stites Had Been Overpaid, and Correctly Ordered Repayment; Because Ms. Stites Did Not Appeal from the 2012 Revision, her Contention that it Is in Error Is Barred by Res Judicata

{¶ 17} Ms. Stites' Eighth Assignment of Error provides as follows:

THE TRIAL COURT ERRED IN FINDING THE PLAINTIFF/APPELLANT WAS ONLY ENTITLED TO 50% OF THE MARITAL SHARE OF HIS MILITARY RETIREMENT NOT 50% OF HIS ENTIRE MILITARY PENSION, AS THIS WAS NOT THE AGREEMENT DURING THE FINAL DIVORCE HEARING.

{¶ 18} Ms. Stites contends that the trial court erred with regard to a 2012 revision of her portion of the military benefits. She further claims that the trial court erroneously required her to pay Mr. Stites the sum of $3,645.60 as reimbursement for an overpayment made to her from his military pension.

{¶ 19} The final decree and judgment of divorce provided that Ms. Stites would receive 50% of Mr. Stites's military pension. In 2012, an order was entered correcting a clerical error with regard to the pension. Specifically, the order was amended to provide that the amount subject to division was the marital portion of the pension, rather than the entire pension. No appeal was taken from that order. Thus, to the extent that Ms. Stites raises an argument regarding the revision of the pension order, we conclude that the

issue is barred by the doctrine of res judicata.

{¶ 20} Furthermore, we note that Ms. Stites did not raise any other objection to the order requiring her to repay the monies representing an overpayment. She did not dispute the amount, or the need to repay the monies, other than to object to the 2012 revision. The record shows that Mr. Stites provided testimony, and appropriate documentation, of the overpayment, without any rebuttal by Ms. Stites. Thus, we conclude that the trial court did not err in ordering repayment.

{¶ 21} The Eighth Assignment of Error is overruled.

## IV. Conclusion

{¶ 22} All of Ms. Stites's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Sheryl Stites
Dean Hines
Hon. Denise L. Cross