[Cite as *Stites v. Stites*, 2013-Ohio-4950.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

SHERYL A. STITES                                :

     Plaintiff-Appellant                      :        C.A. CASE NO.    25595

v.                                              :        T.C. NO.    02DR1467

RODNEY A. STITES                                :        (Civil appeal from Common
                                                         Pleas Court, Domestic Relations)

     Defendant-Appellee                       :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____8th_____ day of _____November_____, 2013.

. . . . . . . . . .

SHERYL A. STITES, 2052 Owendale Drive, Kettering, Ohio 45439
     Plaintiff-Appellant

DEAN HINES, Atty. Reg. No. 0062990, 7950 Clyo Road, Centerville, Ohio 45459
     Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** Sheryl A. Stites and Rodney A. Stites were divorced in 2004. There have been numerous legal proceedings in the case since that time, including many motions

related to a provision in the divorce decree which awarded the marital home to Mrs. Stites, but required her to refinance the residence within six months or to list the house for sale. As of December 2012, Mrs. Stites had not refinanced the house or listed it for sale.

{¶ 2}    Mrs. Stites appeals, pro se, from a December 20, 2012 "Interim Order" of the Montgomery County Court of Common Pleas, Domestic Relations Division, which found her in contempt of court for failing to refinance the marital residence or list it for sale. The Interim Order also corrected an order in the Final Judgment and Decree of Divorce related to the division of Mr. Stites's retirement pay, pursuant to Civ.R. 60(A).

{¶ 3}    "In Ohio, the general rule for contempt proceedings is that a judgment of contempt becomes a final appealable order only when there is both a finding of contempt and the imposition of a penalty." *MD Acquisition, L.L.C. v. Myers*, 10th Dist. Franklin No. 11AP-390, 2013-Ohio-3825, ¶ 24, citing *Chain Bike Corp. v. Spoke 'N Wheel, Inc*., 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979) and *EMC Mtge. v. Pratt,* 10th Dist. Franklin No. 07AP-214, 2007-Ohio-4669, ¶ 5; *Yearwood  v. Yearwood,* 2d Dist Montgomery No. 16296, 1997 WL 200549, * 1 (Apr. 25, 1997), citing *State ex rel. Does v. Tracy*, 51 Ohio App.3d 198, 555 N.E.2d 674 (12th Dist.1988).   The mere adjudication of contempt of court is not a final appealable order until a sanction or penalty is also imposed. *Cooper v. Cooper,* 14 Ohio App.3d 327, 328, 471 N.E.2d 525 (8th Dist.1984).

{¶ 4}    Appellate courts have jurisdiction over judgments or "final orders." Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A).   Final orders are those that dispose of the whole case or some separate and distinct subdivision of it while leaving nothing for future determination. *VIL Laser Sys., L.L.C. v. Shiloh Indus., Inc.,* 119 Ohio St.3d 354,

2008-Ohio-3920, 894 N.E.2d 303, ¶ 8.

{¶ 5}    Prior to the order from which Mrs. Stites appeals, she had been found in contempt for failure to refinance the home or list it for sale.    The matter was set for an "imposition (sentencing hearing)" on December 20, 2012.    On that date, the court stated that Mr. Stites would be allowed access to the property to prepare it for sale and that Mrs. Stites could purge her contempt "by presenting to the court prior to December 20, 2012 a properly signed and valid listing agreement with a licensed real estate broker."[1]    The entry did not state what sentence would be imposed if Mrs. Stites failed to purge her contempt; it set another "imposition (sentencing hearing)" for March 14, 2013.

{¶ 6}    Because the trial court's entry did not impose a penalty for the contempt, and because it contemplated further action by the court, it was not a final appealable order. Thus, we dismiss Mrs. Stites's appeal for lack of a final appealable order.

{¶ 7}    We note that, on March 14, 2013, the trial court filed an order in which it sentenced Mrs. Stites to five days in jail for contempt.    However, the court also filed another order on April 9, 2013, in which it noted that it had "extended" its December 20, 2012, interim order on three prior occasions (January 16, February 12, and March 7, 2013), and in which it again extended that order for an additional 28 days.    In this order, the court again referenced December 20, 2012 as the date by which Mrs. Stites could purge her contempt and referred to an "imposition (sentencing hearing)" to be held on March 14, 2013, although both of these dates had passed.    We express no opinion as to whether any of the

---

[1] We note that the date given in this entry for purging the contempt was the same as the date the entry was filed.    The court's subsequent entries up to and including April 9, 2013, have continued to state that Mrs. Stites could purge her contempt by offering proof that the house had been listed with a real estate agent by December 20, 2012.

entries filed by the trial court since December 20, 2012, was a final appealable order. We note, however, that none of the trial court's entries complied with Civ.R. 58(B), which requires the trial court to direct "the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." We discussed this issue, and its ramifications on the finality of a court's orders, in a Decision and Entry in this case, dated April 8, 2013, in which we stated that "Civ.R. 58(B) is not satisfied merely by sending a copy of an order to the parties."

{¶ 8} The appeal is hereby DISMISSED.

{¶ 9} IT IS SO ORDERED.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

Sheryl A. Stites
Dean Hines
Hon. Denise L. Cross