[Cite as *Ramsey v. Ramsey*, 2014-Ohio-1227.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID RAMSEY, | ) | |
| | ) | CASE NO.   13 JE 17 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| STEPHANIE RAMSEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court, Domestic Relations Division, Case No. 12DR164.


JUDGMENT:     Affirmed.


APPEARANCES:
For Plaintiff-Appellee:     David Ramsey, *Pro se*
255 Sutton Road
Richmond, Ohio  43944


For Defendant-Appellant:     Attorney R. Aaron Miller
P.O. Box 166
Wellsburg, West Virginia  26070


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated:  March 24, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Stephanie Ramsey (Wife) appeals from certain aspects of the divorce decree entered by the Jefferson County Common Pleas Court, Domestic Relations Division. Four issues are raised in this appeal. The first is whether the trial court abused its discretion in allowing plaintiff-appellee David Ramsey (Husband) 24 months to refinance the marital home. The second issue is, in the event that appellee cannot obtain refinancing, did the trial court abuse its discretion in ordering that Wife is liable for half of the deficiency. The third issue is whether the trial court abused its discretion when it imputed income (minimum wage) to Wife for purposes of computing spousal and child support. The final issue is whether the trial court abused its discretion in limiting the duration of spousal support to 8 years.

{¶2} For the reasons expressed below, the record does not demonstrate an abuse of discretion in allowing Husband 24 months to refinance the house, in dividing the debt that may result from foreclosure, in imputing income to Wife, or in ordering spousal support to last for 8 years. The judgment of the trial court is hereby affirmed.

<u>Statement of the Case</u>

{¶3} Husband and Wife were married December 1980 and four children were born as issue of the marriage. Husband filed for divorce on May 31, 2012. At the time of this filing, all but one child was emancipated.

{¶4} Multiple hearings were held in this case; the contentious nature of this divorce is obvious from the record. The matter was tried before a magistrate. Following hearings, the magistrate found that the parties are incompatible and granted a joint decree of divorce on that ground. 01/30/13 Magistrate Decision.

{¶5} In dividing the marital property, the trial court indicated that the marital residence is in foreclosure and a "deficiency is anticipated whether privately sold or sold at Sheriff's sale." The magistrate also acknowledged that Husband wants to keep the residence since his father parceled out the lot from the family farm; Husband's brother lives on one side of him and his sister on the other. The magistrate acknowledged that Husband has made a good faith effort to resolve the

foreclosure action, but as of yet has been unable to do so. Thus, the magistrate awarded Husband the marital residence and stated:

> In the event that the property is sold through the foreclosure process, Plaintiff and Defendant shall be equally responsible for any deficiency. In the event that the foreclosure is dismissed, Plaintiff shall refinance the house within two (2) years of the decree. Defendant, Stephanie Ramsey, shall execute all necessary documents to effectuate the refinancing.

01/30/13 Magistrate Decision.

{¶6} In determining the appropriate amount of spousal and child support, the magistrate stated that Husband earns $100,898.51 a year at First Energy and Ross Township. As for Wife, the magistrate concluded that she is voluntarily unemployed and has a potential income of full-time minimum wage. The magistrate, in drawing this conclusion, indicated that although Wife had been a stay at home mom for almost the entire time of the marriage and suffers from some hearing loss, the fact that she had a license in cosmetology in 1980, babysat for 6 years during the marriage, and worked at Kroger for 6 months during the marriage demonstrates that she has the ability to work. Furthermore, given the age of the child (approximately 16 years old), the magistrate found that it is appropriate for Wife to seek full-time employment outside the home.

{¶7} The magistrate then awarded supposal support:

> Plaintiff, David Ramsey, shall pay Defendant, Stephanie Ramsey, spousal support of $850.00 per month, plus 2% processing charge, effective June 1, 2013. This obligation shall continue until the earliest of the following events occur: the death of either party, the re-marriage or cohabitation of Defendant, or until May 31, 2015.
>
> Effective June 1, 2015, Plaintiff shall pay Defendant spousal support of $1,400.00 per month, plus 2% processing charge. This obligation shall continue until the earliest of the following events occur: the death of either party, the re-marriage or cohabitation of Defendant

or seventy-two (72) months. The Court expressly reserves jurisdiction to modify the spousal support obligation.

02/07/13 Magistrate Decision.

**{¶8}** Thus, Wife was awarded a total of 8 years of spousal support.

**{¶9}** As for child support, using the worksheet, the magistrate computed child support to be $805.09 per month plus a 2% processing charge. In reaching this amount, the magistrate found that Wife is voluntarily unemployed and has a potential income of full-time minimum wage. Thus, the magistrate imputed income to the Wife. 02/07/13 Magistrate Decision.

**{¶10}** Wife filed objections on February 12, 2013. The objections that are relevant to this appeal concern imputed income, refinancing the marital residence and duration of spousal support. Specifically, she contended that the magistrate should not have imputed income to her because she has progressive hearing loss, no post-high school education, was a homemaker spouse, and has no ability to become employed. As to refinancing, she argued that the magistrate erred in allowing Husband 24 months to refinance the marital residence; this was too long of a time period. As to the duration of spousal support, she asserted that spousal support should be ordered until she is eligible to receive social security benefits; the spousal support as ordered will end when she is 60 years old. She asked for it to be extended until she is at least 65 years old.

**{¶11}** A hearing on the objections occurred on April 30, 2013. Wife was unrepresented at the hearing; her counsel withdrew 30 days prior to the hearing and she was unable to obtain new counsel. Husband's counsel and Wife presented arguments at the hearing.

**{¶12}** Following the hearing, the trial court indicated that child support should be calculated with imputing full time minimum-wage income to Wife. The trial court also found that the length of time that the magistrate gave Husband to refinance the home was not unreasonable and overruled Wife's objection to the contrary. Wife's objection to spousal support duration was also overruled because the trial court

found that there was no reason why Wife could not obtain employment. 05/28/13 J.E.

**{¶13}** Wife timely appeals.

First Assignment of Error

**{¶14}** "The trial court abused its discretion by ordering appellant to pay one-half of any deficiency should the marital residence be foreclosed upon."

**{¶15}** The magistrate found in the event that the marital residence is sold through foreclosure, the parties are equally responsible for any deficiency. 02/07/13 Magistrate's Decision. The trial court adopted this finding. 06/04/13 J.E. In the appellate brief, Wife asserts that while this is an equal division of the property, it is not equitable. She believes it should be divided in proportion to their relative earnings, which according to her would mean that appellee is liable for 90% of the deficiency, while she is liable for 10% (these are the proportions when income is not imputed to Wife).

**{¶16}** The record before us evinces that she did not specifically object to the magistrate's finding regarding any deficiency that may result from foreclosure. Furthermore, out of the eight objections that she raises, it cannot even be concluded that there is a general objection that would encompass her argument.

**{¶17}** Civ.R. 53 governs magistrates and magistrate decisions. Pursuant to that rule, objections to a magistrate's decision must be specific and state with particularity the grounds of objection. Civ.R. 53(D)(3)(b)(ii); *Smith v. Bank of Am.*, 7th Dist. No. 11-MA-169, 2013-Ohio-4231, ¶ 17. Additionally, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *Smith*, citing Civ.R. 53(D)(3)(b)(iv). Courts have held that general objections do not meet Civ.R. 53's standard. *See Thrower v. Akron*, 9th Dist. No. 21518, 2003–Ohio-5361; *Rush v. Schlagetter*, 4th Dist. No. 96CA2215, 1997 WL 193169 (Apr. 15, 1997).

**{¶18}** Therefore, although we typically review a trial court's property division determination for an abuse of discretion, as to this finding, we should only review it

for plain error. *Neville v. Neville,* 99 Ohio St.3d 275, 2003–Ohio–3624, 791 N.E.2d 434, at ¶ 5 (property division reviewed for an abuse of discretion). Although the plain error doctrine is generally disfavored in civil cases, the doctrine may apply in "the extremely rare case involving exceptional circumstances" where error "to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122–23, 679 N.E.2d 1099 (1997).

**{¶19}** R.C. 3105.171(B) indicates that trial courts must divide marital property equitably between the spouses. In most cases, this requires that marital property be divided equally. R.C. 3105.171(C)(1). Thus, the court starts with the presumption that an equal division of marital assets constitutes an equitable division of the property. *Kapadia v. Kapadia,* 8th Dist. No. 94456, 2011–Ohio–2255, ¶ 24; *Franklin v. Franklin,* 10th Dist. No. 11AP–713, 2012–Ohio–1814, ¶ 3; R.C. 3105.171(C). However, if the trial court determines that an equal division would produce an inequitable result, it must divide the property in a way it deems equitable. R.C. 3105.171(C)(1). Division of marital property includes marital debt. *See Hiscox v. Hiscox,* 7th Dist. No. 07CO7, 2008-Ohio-5209, at ¶ 53. Therefore, under R.C. 3105.171(C)(1), marital debt should also be divided equally unless such a division would be inequitable. *Elliott v. Elliott,* 4th Dist. No. 05CA2823, 2005–Ohio–5405, at ¶ 16 ("[A]n equitable division of marital property necessarily implicates an equitable division of marital debt.").

**{¶20}** Excluding the marital residence, Husband's total value of marital property (including debt) is $74.30 and Wife's is $74.31. The court noted that the marital residence is valued at approximately $75,000, however, the parties owe more than $100,000 on the property. If Husband is able to refinance he is liable for the entire debt, since it is his choice to attempt to retain the marital residence, which is part of his family's farm. If Husband is unable to refinance and the property is sold, the net proceeds or deficiency is to be equally assessed. Likewise, if the property is foreclosed upon, the deficiency is divided equally. Thus, in dividing the marital

property and debt, the division was equal, if the marital residence is sold or foreclosed upon.

{¶21} Dividing any deficiency resulting from a foreclosure on the martial residence does not create an inequitable division; the property division still remains equal. As stated above, an equal property division is presumed to be equitable. It is acknowledged that the parties' earnings (including imputed earnings) are not proportionate to each other. However, they are not as disproportionate as Wife suggests. Wife has an adjusted annual gross income of $26,216 (which includes imputed income), while Husband has an adjusted gross income of $89,598.92. Thus, the proportionality is roughly 30% to Wife and 70% to Husband. Admittedly, the trial court could have divided the debt proportionate to the earnings. The failure to do so, however, does not automatically indicate that the division is inequitable; inequity in a disproportionate distribution must be evident on the record.

{¶22} Here, the record provides ample justification for failing to assign a proportional division of the marital residence debt if the property is foreclosed. The record shows that Husband has attempted to refinance during the divorce proceedings, but Wife has thwarted that attempt. In fact, she allegedly has withheld papers from Husband and has had to be threatened with contempt to get her to sign papers that would allow Husband to refinance. As stated above, if the house is refinanced, none of the debt associated with the house is her obligation. Thus, it is in her best interest to have the mortgage refinanced. Therefore, making her liable for half of any deficiency if the house is foreclosed upon, is one means to ensure that she is cooperative during the refinancing process.

{¶23} Regardless of whether this issue is reviewed under an abuse of discretion or plain error standard of review, there is no merit with the argument. The division of the martial property, including debt, was equitable. This assignment of error is deemed meritless.

## Second Assignment of Error

{¶24} "The trial court abused its discretion by granting the plaintiff twenty-four months to refinance the marital residence in the event that the foreclosure action regarding the same is dismissed."

{¶25} Wife objected to the magistrate's decision to allow Husband 24 months to refinance the marital residence, if the foreclosure of the same is dismissed. The trial court overruled that objection and adopted the magistrate's decision. Wife contends that decision amounts to an abuse of discretion and should be reversed because allowing Husband 24 months to refinance "imposes an unreasonable financial burden" upon her by restricting her "ability to obtain credit and move forward with her life."

{¶26} Since the determination of 24 months to refinance is part of the trial court's allocation of martial property and debt, it is reviewed using an abuse of discretion standard of review. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying this standard of review, we may not freely substitute our judgment for that of the trial court. *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶27} There is no bright line as to the number of months for refinancing that would constitute an abuse of discretion. In reviewing the facts of appellate court divorce opinions, it seems that it is common for trial courts to permit 6 months or 12 months to refinance a home. *Stites v. Stites*, 2d Dist. No. 25595, 2013-Ohio-4950, ¶ 1 (6 months); *Sable v. Sable*, 5th Dist. No. 2012CA00230, 2013-Ohio-2635, ¶ 22 (12 months); *Sparks v. Sparks*, 12th Dist. No. CA2010-10-096, 2011-Ohio-5746, ¶ 2 (6 months); S*hih v. Byron*, 9th Dist. No. 25319, 2011-Ohio-2766, ¶ 8 (6 months); *Kumpus v. Kumpus*, 5th Dist. No. 2009CA00106, 2010-Ohio-3960, ¶ 5 (6 months); *Woodland v. Woodland*, 7th Dist. No. 06BE9, 2007-Ohio-3503, ¶ 3 (12 months is not unreasonable time to require refinancing to be accomplished). However, 48 months and 72 months have also been ordered. *Hanifon v. Hanifon*, 11th Dist. No. 2004-L-

187, 2006-Ohio-332, ¶ 25 (72 moths given the facts of the case was not unreasonable time to allow refinancing to occur); *Espenschied v. Espenschied*, 5th Dist. No. 2002AP030021, 2002-Ohio-5119, ¶ 12 (48 months). In *Hanifon*, the appellate court specifically indicated that it was not unreasonable, considering all of the facts of the case, to give the party 72 months to refinance. *Hanifon*.

**{¶28}** Thus, in determining whether the 24 month period is unreasonable we must consider not only the amount of time allowed, but all other relevant factors.

**{¶29}** Wife's conduct is one factor that is relevant in determining if this duration is an abuse of discretion. As was discussed in the first assignment of error, Wife has not been cooperative in Husband's efforts to refinance. At the hearing on the objections, Husband indicated that he works two jobs in an attempt to "save" the house. 04/30/13 Tr. 18. The lending agency moved to foreclose on the house during the pendency of the divorce. Husband did not immediately know of the foreclosure action because the action was sent to the marital residence, Wife signed for it and held it for a week or two prior to giving the papers to Husband. After finally receiving the papers and talking to the lending agency, he attempted loan modification. 11/07/12 Tr. 25-27. In order to do this, he needed the couples' income tax returns and a reinstatement fee of $4,600. 11/07/12 Tr. 25-27. He sent $4,600 to the mortgage company for a loan modification, which was returned and sent to the marital residence. 11/07/12 Tr. 25-27. Wife held onto the money for two weeks and did not inform Husband that it was returned. 11/07/12 Tr. 25-27. He also asked for the tax returns from Wife, but she refused to give them to him. 11/07/12 Tr. 25-27. He then had to request and obtain an order from the magistrate not only to obtain his tax return, but also to have Wife sign the necessary documents to do the refinancing. 04/30/13 Tr. 18-19. In fact, the record indicates that the magistrate informed her that if she would not sign she would be held in contempt. 12/04/12 Tr. 14-18. It was at that point that she finally did sign, but her actions caused numerous delays. 12/04/12 Tr. 14-18.

**{¶30}** Wife's actions have been summarized by Husband's counsel as:

> She's done everything in her power to prevent him from refinancing, but yet she wants to complain because the mortgage is in foreclosure. All he wants to do is get it out of foreclosure, get the house — CitiMortgage is working with them. It just – it's – she's prevented that. She hasn't allowed him to do it.

04/30/13 Tr. 19.

**{¶31}** Thus, the trial court's order of 24 months may take into account the time Husband needs if Wife remains uncooperative and has to be brought into court to comply with the trial court's order for her to cooperate.

**{¶32}** Furthermore, as Husband notes, refinancing is in Wife's best interest. If he is able to refinance, the debt will be taken off of Wife's credit. If he is not able to refinance and the property is foreclosed upon, this has a negative impact on her credit. It appears from the record that refinancing was (and still may be) likely.

**{¶33}** That said, it is acknowledged that during this 24 month period Wife's name is still on the loan and this affects her credit. The trial court stated that although her credit is at risk for the time of refinancing, that risk is not excessive. The court noted that Husband is ordered to pay the mortgage and he will be held in contempt if he is late on mortgage payments. 05/28/13 J.E.

**{¶34}** Considering all factors, affording Husband 24 months to refinance does not appear under the facts of this case to amount to an abuse of discretion. This assignment of error is meritless.

<u>Third and Fourth Assignments of Error</u>

**{¶35}** "The trial court abused its discretion in determining the amount of child support and spousal support to be paid by the plaintiff-appellee by finding that the appellant is voluntarily unemployed."

**{¶36}** "The trial court abused its discretion by imputing income to the appellant for the purpose of calculating child support."

**{¶37}** Wife objected to the magistrate's determination that she is voluntarily unemployed and has a potential income of full-time minimum wage. The trial court overruled the objection and stated that she is not unemployable despite her

assertions to the contrary. The trial court ordered wages to be imputed. 05/28/13 J.E.

**{¶38}** In determining the appropriate level of child support, a trial court must calculate the income of the parents. R.C. 3119.05. When a parent is unemployed, income includes potential income that may be imputed to the parent by the trial court. *See* R.C. 3119.01(C)(5)-(11). Potential income is determined by considering all relevant factors, including the parent's education, skills, training, experience, and earning capacity; the availability of jobs and prevailing wages in the parent's geographic area; any mental or physical disabilities of the parent; the ages and special needs of the children; and whether evidence demonstrates that the parent can earn the imputed income. R.C. 3119.01(C)(11). "[W]hen a court examines the earning capacity of a parent who is voluntarily unemployed or underemployed, it does so with a view toward imputing a specific sum of income to that parent. In turn, that sum will be combined with other gross income to arrive at a total gross income figure which will be used for the child support calculation." *Collins v. Collins,* 9th Dist. No. 10CA0004, 2011–Ohio–2087, ¶ 18. In the absence of an abuse of discretion, the calculation of imputed income will not be disturbed on appeal. *Rock v. Cabral,* 67 Ohio St.3d 108, 616 N.E.2d 218 (1993), syllabus.

**{¶39}** Likewise, the decision to impute income for the purpose of spousal support is also within the discretion of the trial court. *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989) (spousal support orders are reviewed under an abuse of discretion standard of review); *Havanec v. Havanec,* 10th Dist. No. 08AP–465, 2008–Ohio–6966, ¶ 23 (decision to impute is reviewed for abuse of discretion).

**{¶40}** Here, there is nothing in the record to indicate that the trial court abused its discretion in imputing income. Other than hearing loss, for which she has hearing aids, Wife indicated she is fairly healthy. The transcripts of the hearings do not evince that her hearing loss affects her to the point that she is unemployable. In fact, it is clear that only in a few instances was she unable to hear what was transpiring at the hearings. The record further discloses that she has a high school education, held a license in cosmetology in 1980, she babysat two children for six years, she worked

at Kroger for 6 months when Husband was laid off, and she has done housekeeping for her grandparents. Thus, the record demonstrates that she has the ability to work.

{¶41} In regards to the minor child affecting her ability to work, the record indicates that the minor child is approximately 16 years of age, works part-time at McDonald's, and is active in 4-H and Golf Club. Although he has a reading disability, nothing in the record suggests that that disability should prevent Wife from seeking employment.

{¶42} Thus, in all, the record is devoid of any indication that the trial court's decision to impute income to Wife was an abuse of discretion. These assignments of error are deemed meritless.

Fifth Assignment of Error

{¶43} "The trial court abused its discretion by imputing income to the appellant for the purpose of determining the amount of spousal support to be paid by the appellee and the duration for which such spousal support must be paid."

{¶44} Wife objected to the magistrate's decision that spousal support is to only last 72 months after the minor child reaches the age of majority. Wife argued that she will be 60 years of age when it terminates and too young to collect social security. The trial court overruled this objection and found that Wife is employable.

{¶45} As aforementioned, we review a spousal support award for an abuse of discretion. *Booth,* 44 Ohio St.3d at 144.

{¶46} The appellate brief does not present a specific argument as to duration of spousal support. Rather, Wife combines this assignment with the third and fourth assignments of error. It seems that she is asserting that if the trial court abused its discretion in imputing income, the duration of spousal support is also an abuse of discretion because at its termination she would be without any income since she would be too young to collect social security.

{¶47} Since there is no merit with her imputed income argument, there likewise is no merit with her spousal support duration position. The record discloses that she is employable, and thus, there is no need to extend spousal support until she is able to collect social security. The trial court did not abuse its discretion in

ordering spousal support for a total of eight years; two years while she is still receiving child support and for six years thereafter.  This assignment of error lacks merit.

### Conclusion

**{¶48}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Waite, J., concurs.
DeGenaro, P.J., concurs.