[Cite as *Rigby v. Rigby*, 2021-Ohio-271.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


HEATH C. RIGBY,                          :

    Appellant,                          :          CASE NO. CA2020-07-005

                                        :          O P I N I O N
- vs -                                                     2/1/2021

                                        :

WENDELLIN E. RIGBY,                      :

    Appellee.                           :


APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR-2018-0879


Cowan & Hilgeman, John P. Hilgeman, 12 West Monument Avenue, Suite 100, Dayton, Ohio 45402, for appellant

Legal Aid Society of Southwest Ohio, Suzanne Firestone, 215 East 9th Street, Suite 500, Cincinnati, Ohio 45202, for appellee


    **PIPER, J.**

    {¶ 1} Appellant, Heath C. Rigby ("Husband"), appeals from the judgment of the Brown County Court of Common Pleas granting him a divorce from appellee, Wendellin E. Rigby ("Wife"). This appeal involves the issues of spousal support and the refinancing of a jointly held mortgage.

{¶ 2}  The parties married in May 2001 and have four minor children born from the marriage.  The parties first sought a dissolution of the marriage in 2016.  The trial court granted a decree of dissolution in September 2016.[1]  Husband later filed a Civ.R. 60(B) motion to set aside the decree of dissolution and in August 2018 the trial court granted the motion and vacated the decree of dissolution.

{¶ 3}  Husband filed a complaint for divorce in November 2018.  The parties agreed on issues regarding the children, such as child support, parenting time, and tax allowances.  However, they contested issues concerning the allocation of marital debt, spousal support, and the division of real property.  A magistrate held a final hearing in June 2019 regarding the contested matters.

{¶ 4}  The magistrate issued a decision on the contested issues in September 2019.  The magistrate agreed to divide the parties' debt as proposed by Husband.  The magistrate also ordered Husband to pay $2,200 a month in spousal support for a period of five years and specified that the only condition for early termination would be the death of either party.  The court declined to reserve jurisdiction to modify spousal support should the circumstances of the parties change.  As for the real estate interests of the parties, the magistrate granted Wife the marital residence on Krupp Drive ("Krupp house") and granted Husband the parties' other house on Lorelai Drive ("Lorelai house").[2]  The magistrate ordered Wife to assume the mortgage on the Krupp house and refinance the mortgage to remove Husband from the loan obligation by the end of December 2024.  Husband filed objections to the magistrate's decision on the issues of spousal support, the mortgage refinancing, cohabitation, personal property division, parenting time, and debt division.

---

1.  The dissolution action was filed under a separate case number, DR-2016-0501.
2.  In the final decree of divorce Wife was granted several other small parcels of land around the Krupp house and in Fayetteville, Oh.

{¶ 5} In February 2020, the trial court overruled Husband's objections; however the trial court modified the magistrate's decision to allow Husband to deduct spousal support payments from his income for income tax reporting purposes. The trial court entered a final decree of divorce in June 2020. In the final decree, the trial court added another provision concerning the Krupp house refinancing. The trial court ordered Wife to indemnify Husband and hold him harmless from the Krupp house mortgage indebtedness. In the event Wife did not remove Husband from the mortgage by December 31, 2024, the residence was to be sold, and the net proceeds divided among the parties. Not knowing with certainty if Wife would make the mortgage payments or be in a financial situation to refinance the mortgage, the trial court also provided that until Wife removed Husband from the mortgage obligation, Husband could bring a contempt action against Wife should she refuse to pay the mortgage. Upon her failure to pay the mortgage, Husband could voluntarily pay the mortgage and then seek either a reimbursement for those payments from future sale proceeds or a credit against future child support payments.

{¶ 6} Husband now appeals and raises five assignments of error for review. For ease of discussion, the assignments will be addressed out of order.

## I. Time Required to Refinance Mortgage

{¶ 7} Assignment of Error No. 4:

{¶ 8} THE COURT'S ORDER FOR WENDELLIN RIGBY TO REFINANCE THE KRUPP DRIVE PROPERTY IN FIVE YEARS WAS UNREASONABLE, AND AN ABUSE OF DISCRETION BY THE TRIAL COURT.

{¶ 9} In his fourth assignment of error, Husband argues that the trial court abused its discretion by giving Wife until December 31, 2024 to refinance the mortgage on the Krupp house.

{¶ 10} The trial court has broad discretion to divide property in divorce cases. *Wolf*

- 3 -

*v. Wolf*, 12th Dist. Preble No. CA2009-01-001, 2009-Ohio-3687, ¶ 22.  A trial court's order for the parties to refinance property within a set timeframe is within the trial court's discretion to divide the assets and liabilities of the parties.  *Ramsey v. Ramsey*, 7th Dist. Jefferson No. 13 JE 17, 2014-Ohio-1227, ¶ 26; s*ee also Calkins v. Calkins*, 11th Dist. Geauga Nos. 2014-G-3203 and 2014-G-3218, 2016-Ohio-1297, ¶ 31.  Therefore, an appellate court will not reverse the decision absent an abuse of discretion.  *Ramsey* at ¶ 26.

{¶ 11} In a similar case, a trial court ordered a spouse to use his best efforts to refinance the marital home within five years of the divorce decree.  *Janssen v. Janssen*, 186 Ohio App.3d 488, 2010-Ohio-648, ¶ 7 (5th Dist.).  In considering the issue on appeal, Fifth District Court of Appeals held that the trial court did not abuse its discretion ordering "best efforts" in refinancing because of the particular circumstances of the case.  *Id.* at ¶ 21.  Likewise, the Eleventh District Court of Appeals has also held that the trial court did not abuse its discretion affording a party six years to refinance the marital property after divorce because  the parties had significant debt and that would make refinancing difficult.  *Hanifon v. Hanifon*, 11th Dist. Lake No. 2004-L-187, 2006-Ohio-332, ¶ 28-29.

{¶ 12} In this case, the trial court provided Wife until December 31, 2024 to refinance the mortgage.  The trial court set this timeframe in consideration of Wife's financial situation immediately after the divorce and with the goal of Wife becoming financially self-sufficient upon the completion of her teaching program.  Husband's concern that Wife might default on the mortgage seems unlikely given that Wife expressly requested spousal support in order to have sufficient funds to satisfy the mortgage payment.

{¶ 13} In the same manner as the cases cited above, it was not unreasonable, arbitrary, or capricious for the trial court in this case to provide Wife several years to fulfil the refinancing order given her circumstances.  Furthermore, the trial court ordered Wife to indemnify Husband for any indebtedness incurred prior to the  refinance  and provided

several options for Husband to protect his interests while subject to the mortgage obligation. Husband could bring a contempt action against Wife for her refusal to make mortgage payments. Additionally, Husband could make direct payments on the mortgage and receive either a credit against his future child support obligations or seek reimbursement from any future sale. The trial court was prudent in reserving jurisdiction over this matter to ensure the ability to administer its intent. Accordingly, the trial court did not abuse its discretion and Husband's fourth assignment of error is overruled.

## II. Spousal Support

{¶ 14} In assignments of error one, two, three, and five, Husband challenges the trial court's award of spousal support to Wife. Husband argues that the trial court did not appropriately consider that Wife lived with a boyfriend at some point in the past. He further contests the duration of spousal support, the amount of spousal support, and the trial court's refusal to reserve jurisdiction to modify spousal support. For ease of discussion, we will discuss these four assignments of error together as they all relate to spousal support.

{¶ 15} Assignment of Error No. 1:

{¶ 16} THE AWARD OF SPOUSAL SUPPORT OF $2,200.00 PER MONTH BY THE COURT WAS UNREASONABLE AND EXCESSIVE AND AN ABUSE OF DISCRETION BY THE TRIAL COURT.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE SPOUSAL SUPPORT DURATION OF FIVE YEARS IS EXCESSIVE AND DOES NOT CONSIDER PAYMENTS MADE BY HEATH RIGBY TO WENDELLIN RIGBY THE PAST TWO YEARS AFTER THE PARTIES SEPARATED IS AN ABUSE OF DISCRETION BY THE TRIAL COURT.

{¶ 19} Assignment of Error No. 3:

{¶ 20} THE ORDER BY THE COURT THAT THE SPOUSAL SUPPORT AWARD

NOT BE SUBJECT TO MODIFICATION IN AMOUNT OR DURATION WAS ARBITRARY, UNREASONABLE AND CONSTITUTES REVERSIBLE ERROR.

{¶ 21} Assignment of Error No. 5:

{¶ 22} THE COHABITATION BY WENDELLIN RIGBY WITH TODD FEHRING WAS NOT CONSIDERED BY THE COURT WHEN DETERMINING THE ISSUE OF AWARDING ANY SPOUSAL SUPPORT, AND THE DURATION OF SPOUSAL SUPPORT, IF AWARDED, AND IS AN ABUSE OF DISCRETION BY THE TRIAL COURT.

**A) Spousal Support Standard of Review**

{¶ 23} A trial court may award spousal support to either party in a divorce proceeding after providing an equitable division of the marital property. R.C. 3105.18(B). Pursuant to R.C. 3105.18(C), a trial court must consider several factors to determine whether spousal support is appropriate and reasonable. *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 8; *accord Gaffney v. Gaffney*, 12th Dist. Butler No. CA2019-10-172, 2020-Ohio-5051, ¶ 10 ("trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18[C][1]"). These factors include

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1); *Spillane v. Spillane*, 12th Dist. Butler No. CA2019-12-206, 2020-Ohio-5052, ¶ 13. The trial court has broad discretion in determining whether to award spousal support, the amount of the award, and the duration of the award. *Curry v. Curry*, 12th Dist. Butler No. CA2016-07-136, 2017-Ohio-8127, ¶ 15. A reviewing court will not disturb the trial court's decision absent an abuse of discretion. *Binks v. Binks*, 12th Dist. Butler No. CA2018-02-023, 2019-Ohio-17, ¶ 25. An abuse of discretion is more than an error of law or judgment, it is an attitude of the court that is unreasonable, arbitrary, and unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**B) Pre-divorce Conduct as Affecting Spousal Support Award**

{¶ 24} Husband argues in his fifth assignment of error that it was unreasonable to award Wife spousal support when there was evidence in the record that she had previously lived with a boyfriend because this demonstrated cohabitation.

{¶ 25} Cohabitation contemplates a relationship that is the functional equivalent of a marriage and requires a sharing of financial responsibilities and consortium. *Fox v. Fox*, 12th Dist. Clermont No. CA2013-08-066, 2014-Ohio-1887, ¶ 27. Whether the party seeking spousal support is cohabitating with another person during the pendency of a divorce is a factor for a trial court to consider when deciding to award spousal support. *See Keith v. Keith*, 12th Dist. Butler No. CA2010-12-335, 2011-Ohio-6532, ¶ 9. However, a finding of pre-divorce cohabitation does not automatically operate as an outright bar to spousal support. *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 27.

{¶ 26} After review of the record, we find that the trial court did not abuse its discretion awarding spousal support despite Husband's claim that Wife lived with another man. At the final hearing, Husband called Wife's former boyfriend to testify that during the parties' separation, he lived with Wife at her house for nearly a year between 2017 and 2018. This relationship ended before Husband filed his complaint for divorce. Wife testified that after the termination of the relationship, the boyfriend moved out of her house and that she no longer saw him. While the boyfriend testified that he helped pay for household bills, the trial court found that there was no evidence of the amount or significance of the boyfriend's household contributions. We agree. The evidence and testimony were insufficient to prove that cohabitation equivalent to a marriage had occurred. Even though Wife lived with a boyfriend, it was not unreasonable, arbitrary, or capricious for the trial court to give little, if any, effect to the relationship because the living arrangement ended before Husband filed the complaint for divorce and the degree of any financial contribution remains unknown. Accordingly, Husband's fifth assignment of error is overruled.

**C) Spousal Support Duration**

{¶ 27} In his second assignment of error, Husband argues that it was an abuse of

discretion for the trial court to set the duration of the spousal support at five years.  Husband contends that the trial court erred setting the duration because it did not consider previous expenditures Husband made on behalf of Wife during their separation, such as mortgage payments he made for the Krupp house.

{¶ 28}  A trial court must indicate the basis for its spousal support award in sufficient detail to enable a reviewing court to determine the trial court considered the statutory factors and that the award is fair, equitable and in accordance with the law.  *Kaechele v. Kaechele*, 35 Ohio St.3d 93 (1988), paragraph two of the syllabus.  The trial court found that a five-year term "gives [Wife] sufficient time to complete her education and vastly improve her ability to earn a good income without placing a forever order in place."  Consequently, the trial court ordered five years of spousal support based on the time it will take Wife to complete her education to become a teacher.  The trial court provided a sufficient rationale supporting the appropriateness of the duration for the award.

{¶ 29}  Although Husband argues that the only evidence of Wife's schooling was her testimony, it is the function of the trier of fact to determine witness credibility and the weight to be given to testimony.  *Brickner v. Brickner*, 12th Dist. Butler No. CA2008-03-081, 2009-Ohio-1164, ¶ 12.  The trial court found Wife's testimony to be credible by accepting that it would take around five years to complete her education requirements.

{¶ 30}  Husband's other argument that the trial court failed to consider the payments he made on behalf of Wife prior to the finalization of the divorce lacks merit.  R.C. 3105.18(C) does not require prior payments between spouses to be considered by the trial court as one of the factors.  While the trial court may consider those earlier payments pursuant to the catch-all provision in R.C. 3105.18(C)(1)(n), the trial court specifically set the spousal support award duration in consideration of the time it will take Wife to complete her studies to become a teacher.  It was not unreasonable, arbitrary, or capricious for the

trial court to set the duration of spousal support in consideration of its prospective appropriateness. Accordingly, Husband's second assignment of error is overruled.

**D) Spousal Support Amount**

{¶ 31} In his first assignment of error, Husband contends that the trial court abused its discretion awarding Wife spousal support in the amount of $2,200. Husband argues that the trial court did not consider a separate court-ordered child support obligation he must pay for a child outside the marriage, his income tax liabilities, or his living expenses. Husband further argues the trial court did not explain why it awarded Wife significantly more than the amount she requested at the hearing.

{¶ 32} Generally, a trial court does not need to list each of the R.C. 3105.18(C)(1) factors in its decision. *Schuh v. Schuh,* 12th Dist. Butler No. CA2014-01-007, 2014-Ohio-4755, ¶ 12. But, as discussed above, a trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine the trial court considered the factors and the award is fair, equitable and in accordance with the law. *Kaechele*, 35 Ohio St.3d 93 at paragraph two of the syllabus. A trial court must not base its determination upon any one factor taken in isolation. *Id.* at paragraph one of the syllabus. A mere recitation of evidence provides an insufficient basis for an appellate court to review the appropriateness of the award. *Zollar v. Zollar*, 12th Dist. Butler No. CA2008-03-065, 2009-Ohio-1008, ¶ 44.

{¶ 33} By providing limited analysis of the statutory factors, the trial court failed to explain in sufficient detail why it provided the amount it did. This renders the matter unreviewable on the merits. The magistrate's decision states in conclusory terms that it considered the relevant statutory factors. The magistrate merely addressed the disparity in the parties' gross incomes, the cost to Wife in assuming the monthly mortgage payments on the Krupp house, and the fact that the Lorelai house did not have a mortgage. There is no reference to evidence or testimony pertaining to the other statutory factors. In overruling

Husband's objection and adopting the spousal support award, the trial court determined that the "award of spousal support was supported by the evidence and the law." Again, there is no articulation as to how the amount was determined.

{¶ 34} The record shows that Wife requested $1,000 in spousal support so that she could pay for the mortgage on the marital residence. Alternatively, she suggested that the court could order the parties to sell all their real estate and divide the sale profits equally. Nonetheless, the trial court decided to award Wife spousal support more than double what she requested. Neither the magistrate, nor the trial court, addressed why it was appropriate and reasonable to order the amount it did. This court cannot adequately review the reasoning supporting such an amount because there was little reference to the relevant R.C. 3105.18(C)(1) factors. It appears there was no consideration given to the parties' standard of living during the marriage, the parties' other living expenses or financial obligations, or net effect of the division of assets and liabilities.

{¶ 35} For example, Husband presented evidence that he had a separate child support order that he was obligated to pay. Child support is considered a "court-ordered payment" and is therefore one of the relevant statutory factors to be considered in determining spousal support. *Schuh*, 2014-Ohio-4755 at ¶ 17. The magistrate's adjusted gross income calculation did not account for Husband's additional child support order and the trial court failed to address the issue in ruling upon Husband's objections. *See e.g., Kaechaele,* 35 Ohio St.3d at 97 (trial court did not discuss a spouse's compensation "bonus" when it divided the marital property and ordered a sustenance alimony award, so it was unclear if the trial court considered that bonus for those purposes.).

{¶ 36} Finally, we find that the trial court committed error when it provided Husband the ability to deduct spousal support payments from his income for tax liability purposes. The trial court journalized the decree of divorce after 2018. The United States Internal

Revenue Code was amended in 2017 by the enactment of the Tax Cuts and Jobs Act. P.L. 115-97 Sec. 11051, 131 Stat. 2054. The Tax Cuts and Jobs Act repealed provisions of the Internal Revenue Code allowing a payor of "alimony" to deduct that payment from his or her income.[3] The law does not otherwise allow a court exercising domestic relations jurisdiction to allocate the tax liability for spousal support/alimony. The repeal applies to "any divorce or separation instrument (as defined in section 71(b)(2) of the Internal Revenue Code of 1986 as in effect before the date of the enactment of this Act) *executed after December 31, 2018*." (Emphasis added.) P.L. 115-97 Sec. 11051(c), 131 Stat. 2054. The change in federal tax law must be considered by the trial court when analyzing Husband's tax liability. R.C. 3105.18(C)(1)(I). Accordingly, we sustain in part Husband's first assignment of error on the basis that there is insufficient detail for adequate appellate review as to the amount of spousal support ordered.

**E) Reserving Jurisdiction for Spousal Support**

{¶ 37} In his third assignment of error, Husband argues that it was arbitrary and unreasonable for the trial court not to reserve jurisdiction to modify spousal support. Husband contends that a change in future circumstances could make the spousal support award unfair and unreasonable.

{¶ 38} In order to modify spousal support after the decree of divorce, the trial court must affirmatively reserve jurisdiction within the decree of divorce. R.C. 3105.18(E); *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, ¶ 10. It is within the trial court's discretion to decide whether to reserve such jurisdiction. *Wolf*, 2009-Ohio-3687 at ¶ 15.

{¶ 39} In determining whether to reserve jurisdiction, the trial court should consider

---

3. The change to the Internal Revenue Code puts an end to a spousal support recipient's obligation to include the amount received as part of his or her income. The spousal support payment is no longer deductible from the payor's gross income for tax liability purposes and the payment is not includable as income for the spousal support recipient.

the potential for changing circumstances involving the parties. *Nori v. Nori*, 58 Ohio App.3d 69, 73 (12th Dist.1989); *see also Orwick v. Orwick*, 7th Dist. Jefferson No. 04 JE 14, 2005-Ohio-5055, ¶ 20 ("The facts and circumstances of each case determine when a trial court abuses its discretion in failing to sua sponte add the reservation of jurisdiction language.") A trial court "abuses its discretion in failing to reserve spousal support jurisdiction where there is a substantial likelihood that the economic conditions of either or both parties may change significantly within the period of the award." *Kuper v. Halbach*, 10th Dist. Franklin No. 09AP-899, 2010-Ohio-3020, ¶ 63.

{¶ 40} Moreover, this court has previously held that a trial court abuses its discretion "when it orders a spousal support award, for a definite period of time but of a relatively long duration, without reserving the authority to modify the award based upon a change in circumstances." *Brown v. Brown*, 12th Dist. Madison No. CA2008-08-021, 2009-Ohio-2204, ¶ 74. While Ohio courts have been reluctant to precisely quantify "a relatively long duration," the Second District Court of Appeals has determined that a three-year period is "long enough" to justify continued jurisdiction. *Jackson v. Jackson*, 2d Dist. Montgomery No. 15795, 1996 Ohio App. LEXIS 4855, *7 (Nov. 8, 1996); *accord Henninger v. Henninger*, 2d Dist. Darke Case No. 1303, 1993 Ohio App. LEXIS 2558, *14-15 (May 4, 1993); *see also Arthur v. Arthur*, 130 Ohio App.3d 398, 410 (5th Dist.1998) (trial court abused its discretion not reserving jurisdiction to modify three-year spousal support award); *compare Schwendeman v. Schwendeman*, 4th Dist. Washington Case No. 99CA15, 2000 Ohio App. LEXIS 781, *16 (Feb. 25, 2000) (trial court's refusal to reserve jurisdiction over three-year spousal support award was not an abuse of discretion). It is not the length of time in isolation to be considered, but rather the circumstances in which the parties find themselves

and the potential for the future necessity of a modification.[4]

{¶ 41} The Ninth District Court of Appeals has determined that a trial court abuses its discretion by refusing to reserve jurisdiction over a five-year term of spousal support where the income of the obligor fluctuated and the parties' assets and income potential varied. *Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003-Ohio-4519, ¶ 55-58 (9th Dist.); *see also Straube v. Straube*, 11th Dist. Lake No. 2000-L-074, 2001 Ohio App. LEXIS 3528, at *14 (Aug. 10, 2001) (six years too long a duration for the court to predict the parties' incomes and monthly expenditures for trial court not to reserve jurisdiction).

{¶ 42} This court has determined that it was reasonable for a trial court to reserve jurisdiction over a five-year period of spousal support because of the respective parties' tenuous financial status and the probable fluctuation of the statutory factors related to spousal support. *Wolf*, 2009-Ohio-3687 at ¶ 17-18; *accord Riley v. Riley*, 11th Dist. Ashtabula No. 2012-A-0037, 2013-Ohio-1604, ¶ 37-38 (trial court did not abuse its discretion reserving jurisdiction over five-year spousal support order given the circumstances of the parties). Consequently, the trial court must be mindful of the circumstances of an individual fact pattern and consider the stability of those circumstances throughout the period of the spousal support award when determining whether to reserve jurisdiction. The duration of the award is but one factor to consider in attempting to ascertain the ongoing stability or precariousness of the parties' financial abilities. The inability to predict future circumstances is underscored by the recent "uncertain economic times, exacerbated by a worldwide pandemic" the parties may now face. *Bailey v. Bailey*, 6th Dist. Sandusky No. 20 CAS 14, 2020-Ohio-4333, ¶ 7. As the *Bailey* court recognized, an

---

4. Courts traditionally eschew bright-line rules because such rigidity prevents the flexibility a future situation may require. *See Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981) (court declined to adopt a flat rule for the division of property because it would impede the trial court's exercise of discretion for the varying facts and circumstances in each case).

individual's situation can be turned upside down quickly, whether it be personal health or employment status, and those potential upheavals are intensified during a pandemic.

{¶ 43} The cases cited above demonstrate that the circumstances of the parties, and how those circumstances may be affected during a five-year period of spousal support, are important in deciding to reserve jurisdiction. The trial court's general conclusions, without more, do not provide a meaningful opportunity for appellate review. To be able to conduct any meaningful review of the trial court's exercise of discretion, we must be able to discern the analysis for its decision. *Gerdes v. Gerdes*, 12th Dist. Butler No. CA2019-07-106, 2020-Ohio-3405, ¶ 19.

{¶ 44} The trial court implicitly understood the instability of the parties' circumstances. This is evident from the trial court's statement: "*If* the Defendant holds true to her plan to complete her education in the special needs field, she will be able to provide for herself and handle her family financial needs." (Emphasis added.) Given the trial court's indirect acknowledgment to uncertainty, the trial court's reasoning supporting its decision not to reserve jurisdiction for modification renders appellate review diminished.[5] A more complete rationale for not reserving jurisdiction to modify spousal support is necessary for this court to conduct an adequate review of the reasonableness pertaining to the trial court's determination. Husband's third assignment of error is sustained in part.

### III. Conclusion

{¶ 45} In conclusion, we sustain in part Husband's first and third assignments of error. The matter is remanded to the trial court to indicate, in sufficient detail, its basis for

---

5. The trial court's decision not to reserve jurisdiction for purposes of spousal support is curious considering the trial court reserved jurisdiction on the matter of refinancing the mortgage. The fact that the trial court, in response to other issues, anticipated the possibility that Wife may not complete her schooling or make the required mortgage payments suggests the need for flexibility. Continued jurisdiction works to the advantage of both parties because it allows either party to seek a modification. *Bailey,* 2020-Ohio-4333 at ¶ 9, citing *Morse v. Morse*, 6th Dist. Ottawa No. OT-16-023, 2017-Ohio-5690, ¶ 29.

the spousal support amount and to provide the rationale for not reserving jurisdiction over spousal support. In providing sufficient detail for the basis of the spousal support award, the trial court's rationale or reasoning must demonstrate it considered the relevant R.C. 3105.18(C)(1) spousal support factors. We leave it for the trial court to determine whether these issues can be addressed with the existing record or whether it deems an additional hearing necessary. The judgment of the trial court is affirmed as to all other assignments of error.

{¶ 46} Judgment affirmed in part, reversed in part, and remanded for further proceedings.

M. POWELL, P.J., concurs.

S. POWELL, J., concurs in part and dissents in part.

**S. POWELL, J., concurring in part and dissenting in part.**

{¶ 47} I respectfully depart from my colleagues and dissent as to the majority's opinion reversing and remanding this matter to the trial court. Specifically, I feel that the record and the rationale articulated by the trial court as to its reasoning for the amount of its spousal support award to Wife, as well as the non-retention of jurisdiction of spousal support, are adequate for this court's review on appeal. Simply stated, based on my review of the record, there is more than enough for me to conclude that the trial court did not abuse its broad discretion so as to necessitate this case be reversed and remanded to the trial court.

{¶ 48} The tax cost from the change in the Internal Revenue Code, along with the exclusion of Husband's other child support obligation, are significant. But, not so significant as to say the trial court's spousal support award must be recalculated when weighed against

(1) the income disparities between the parties and (2) the five-year plan to get Wife to a self-sufficient status. That $2,200 per month is more than Wife asked for is also not so troublesome as to necessitate this case be reversed and remanded to the trial court. The trial court's award is a larger award for a fixed period and no jurisdiction to modify. This is different than what Wife requested, i.e., a smaller sum for an indefinite period with jurisdiction to modify. The trial court's order puts Wife in the position of having to sink or swim rather than merely tread water – a situation that has the potential to lead to further litigation should Wife ask for a modification in the future.

{¶ 49} Wife proposed several ways that the trial court could help her financially following her divorce from Husband. The trial court had yet another way. The trial court's decision to adopt something different than what Wife proposed is not per se wrong, nor is it per se right. The trial court's decision instead fits squarely within where the trial court's discretion exists. Therefore, given my review of the record, I believe the trial court's decision is not an abuse of discretion, let alone of the broad discretion afforded to the trial court under these circumstances. Spousal support is not a rigid algebraic formula where one must know the exact values of $X$ and $Y$ to solve for $Z$. Spousal support is instead much more fluid and vexing than that. That is why trial courts are vested with such broad discretion in cases such as these.

{¶ 50} This may not be the spousal support award that I would have issued had I been the trial court judge. But I am not. I am instead the appellate court judge who must analyze this issue under the established standard of review, that being whether the trial court abused its discretion. Given that standard, and based on the record properly before this court, I find there to be enough information in this record for me to understand how the trial court made its determination and see no abuse of the trial court's broad discretion in that regard. Therefore, given the record in this case, I choose to defer to the broad

discretion afforded to this trial court judge who dealt with these parties firsthand rather than substitute my own judgment based upon the documentary evidence presented. For these reasons, I depart from my colleagues and would affirm the trial court in whole.